UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE DEAN HARTLINE, | No. 2:14-CV-0635 KJM AC PS |
| Plaintiff, | |
| v. | ORDER |
| NATIONAL UNIVERSITY, | |
| Defendant. | |

Plaintiff Hartline was a student at defendant National University. He sues defendant for violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and the Age Discrimination in Employment Act. He also asserts that he "suffered Violations of his right to Freedom of Speech, and the guarantees against Self Incrimination."

Defendant has moved to dismiss the complaint for failure to comply with the applicable statutes of limitations, and for failure to state a claim. The motion, being fully briefed, came on for hearing before the undersigned on January 21, 2015. For the reasons set forth below, the defendant's motion to dismiss will be granted, but on the grounds that the complaint fails to comply with Fed. R. Civ. P. 8(a)(2), which requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

I. THE COMPLAINT

According to the Complaint, plaintiff is a person with disabilities. Complaint (ECF No.

1

1), at 2. Plaintiff enrolled at National University for teacher training, and began taking classes in 2008. Complaint at 4. The lawsuit appears to seek redress for defendant's alleged failure to accommodate plaintiff's disabilities and its alleged discrimination against plaintiff because of his age.

However, much of the 20-page "Background to Complaint" discusses matters that do not appear to be related to any failure to accommodate or age discrimination. See Complaint at 1-20. For example, that lengthy section complains about, among other things: the difficulties of placing student-teachers generally; racist teachers in some of the schools in which plaintiff was placed; the qualifications of "Master Teachers;" defendant's policy requiring all student-teachers to write a letter of apology to the school where they were placed if the placement did not work out, and the retaliation plaintiff faced when he refused to write such a letter; plaintiff's placement in an upper-middle class school, rather than the South Sacramento school for which he was better suited; the disruptive, failing students in the classroom where he was placed as a student-teacher; the defendant's methodology in training student-teachers; and the attitude of teachers today, who think "that Teaching is simply a job that offers them security and benefits." Id.

Plaintiff does write more succinctly in the 2-page section of his complaint entitled "Complaint." See Complaint at 21-22. That section of the complaint asserts that defendants violated plaintiff's rights under federal and state laws, and on at least one occasion, gives a succinct example of allegedly illegal conduct, and which statute is allegedly violated by it. Specifically, the complaint alleges that defendant violated the ADA by telling plaintiff not to divulge his disability to the principal of the school where he was being placed for student-teaching. Complaint at 21. Succinct allegations such as this are what Rule 8 calls for, although the court will not at this point consider whether this allegation, standing alone or in combination with other allegations, actually states a claim under the ADA.

## II. THE MOTION TO DISMISS

Defendant, having made an effort to understand what it calls the "largely unintelligible laundry list of Hartline's grievances," moves to dismiss on statute of limitations grounds. Defendant then addresses each of what it asserts are plaintiff's claims, and moves to dismiss each

for failure to state a claim.

Plaintiff's opposition challenges the motion to dismiss principally by alleging additional facts, or repeating allegations first made in the Complaint. After defendant filed its Reply brief, defendant then filed two sur-replies.

### III.  LEGAL STANDARDS

#### A.  Motion To Dismiss

##### 1.  Legal sufficiency of the complaint

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted tests the legal sufficiency of a claim." Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (internal quotation marks omitted), cert. denied, 132 S. Ct. 1762 (2012). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555 56), construe those allegations in the light most favorable to the plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir.

1  2010) (citing Twombly, 550 U.S. 544), cert. denied, 131 S. Ct. 3055 (2011), and resolve all
2  doubts in the plaintiff's favor. Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital
3  Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).  The court need not accept as true,
4  legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643
5  F.2d 618, 624 (9th Cir. 1981).
6        Moreover, pro se pleadings are held to a less stringent standard than those drafted by
7  lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a
8  claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts
9  in support of the claim that would entitle him to relief. See Cook v. Brewer, 637 F.3d 1002, 1004
10  (9th Cir. 2011).
11        2. Brevity
12        A key consideration applicable to this complaint is that the federal rules contemplate
13  brevity. Specifically, the complaint must contain "a short and plain statement of the claim
14  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Swierkiewicz v. Sorema
15  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,
16  which was adopted to focus litigation on the merits of a claim"). Plaintiff's claims must be set
17  forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1) ("[e]ach allegation must be simple,
18  concise and direct"); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) ("[t]he Federal
19  Rules require that averments 'be simple, concise, and direct'").
20        The courts do grant leeway to pro se plaintiffs in construing their pleadings. See, e.g.,
21  Brazil v. U.S. Dept. of Navy, 66 F.3d 193, 199 (9th Cir. 1995) ( "[a]lthough a pro se litigant . . .
22  may be entitled to great leeway when the court construes his pleadings, those pleadings
23  nonetheless must meet some minimum threshold in providing a defendant with notice of what it is
24  that it allegedly did wrong"). Even with leeway and liberal construction, however, the complaint
25  must not force the court and the defendant to guess at what is being alleged against whom, require
26  the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated
27  plaintiffs to submit," or require the court and defendants to prepare lengthy outlines "to determine
28  who is being sued for what." McHenry, 84 F.3d at 1179. An excessively long and repetitive

4

pleading, containing much narrative and story-telling, naming many defendants and other named individuals who may or may not be defendants, and with no clear statement of which individuals did what, very likely will result in dismissal of the case, with or without a motion to dismiss. See 28 U.S.C. § 1915(e)(2)(B)(2); Fed. R. Civ. P.

### B. The Americans with Disabilities Act

Title I of the ADA generally prohibits employers from discriminating against persons with disabilities "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Accordingly, to survive a motion to dismiss such a claim, the complaint must allege facts showing that (1) plaintiff is "disabled" as defined by the ADA, (2) he is a "qualified individual with a disability," that is, that he can perform the essential functions of the job (with or without a reasonable accommodation), and (3) he was discriminated against "because of" his disability. See Bates v. United Parcel Service, Inc., 511 F.3d 974, 988-89 (9th Cir. 2007) (en banc).

Title III of the ADA generally prohibits a public accommodation from discriminating "on the basis of disability in the full and equal enjoyment of [its] goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C. § 12182(a). Plaintiff's complaint must therefore allege facts showing that (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. Molski v. M.J. Cable, Inc., 481 F.3d 724, 730 (9th Cir. 2007).

Title V of the ADA, the anti-retaliation provision, generally prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by this chapter [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). Plaintiff's complaint must therefore allege facts showing that: (1) he engaged in activity protected by Title V of the ADA; and (2) defendant caused plaintiff to suffer an adverse employment action because of his protected activity. See Brown v. City of Tucson, 336

F.3d 1181, 1187 (9th Cir. 2003)

C. The Rehabilitation Act

Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  29 U.S.C.A. § 794.

Plaintiff's complaint must therefore allege facts showing that: (1) he is disabled as defined by the Rehabilitation Act; (2) he is qualified to participate in defendant's program (for example, to become or remain a student at National University, or to participate in the student-teaching program), meaning that he can meet the essential eligibility requirements of the school with or without reasonable accommodation; (3) he was discriminated against solely because of his disability; and (4) National University receives federal financial assistance.  See Zukle v. Regents of the Univ. of California, 166 F.3d 1041, 1045 (9th Cir. 1999).

D. The Age Discrimination in Employment Act

The Age Discrimination in Employment Act ("ADEA") makes it unlawful for employers "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1) (emphasis added).

Plaintiff's complaint must therefore allege facts showing that: (1) he was a member of the protected class; (2) he was performing his job in a satisfactory manner; and (3) he was discriminated against in some way, because of his age.  See Palmer v. U.S., 794 F.2d 534, 537 (9th Cir. 1986).

E. The First Amendment

The First Amendment to the U.S. Constitution "prohibits governmental infringement on the right of free speech."  Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982) (emphasis added). Plaintiff does not allege any governmental interference with his free speech rights and therefore this provision does not appear to have any application here.

////

F. <u>Fraud</u>

In California, "[t]he elements of fraud, which give rise to the tort action for deceit, are (1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." <u>Conroy v. Regents of University of Cal.</u>, 45 Cal. 4th 1244, 1255 (2009).  The complaint must therefore allege facts showing that each of these elements is satisfied.

G. <u>Self-incrimination</u>

The Fifth Amendment provides that "No person . . . shall be compelled in any criminal case to be a witness against himself."  U.S. Const., Amdt. 5.  This constitutional protection applies in criminal cases, and does not appear to have any application here.

IV.  ANALYSIS

A. <u>Motion To Dismiss</u>

Although the court is aware of the effort defendant put into disentangling plaintiff's complaint, the court will dismiss plaintiff's complaint solely for its failure to comply with Rule 8 of the Federal Rules of Civil Procedure, and not for the reasons set forth in defendant's motion. The Complaint is not a short and plain statement of the claims showing that plaintiff is entitled to relief.  In the Background section, plaintiff principally complains about his treatment by defendant and others, but in ways that have no clear relevance to his disability, his age or his constitutional rights.  Plaintiff includes references to his disability in the complaint, but he generally makes no effort to connect his disability to anything unlawful that defendant has done to him.

In addition, the complaint is often written in the passive voice, so that even when it alleges specific wrongs, defendant (and the court) cannot be certain who allegedly committed the wrong. Moreover, the Background section is difficult to read, as it is presented as one single paragraph, spread over 20 pages, with no spacing or indentations to separate one thought, paragraph or claim from another.

Figuring out from this complaint what claims plaintiff is making, which allegations support which claims, and which allegations are asserted against the defendant, as opposed to

unidentified others, would be excessively time-consuming for the court, and in the end, the court would not know that it was correctly interpreting the complaint. Defendant has attempted to disentangle the complaint and make its best guess as to what the claims are. However, the Ninth Circuit has set forth some of the dangers of proceeding with such a complaint:

> As a practical matter, the judge and opposing counsel, in order to perform their responsibilities, cannot use a complaint such as the one plaintiff filed, and must prepare outlines to determine who is being sued for what. Defendants are then put at risk that their outline differs from the judge's, that plaintiffs will surprise them with something new at trial which they reasonably did not understand to be in the case at all, and that res judicata effects of settlement or judgment will be different from what they reasonably expected.

McHenry, 84 F.3d at 1179-80.

The complaint will therefore be dismissed for failure to comply with Fed. R. Civ. P. 8. However, plaintiff will be granted leave to file an amended complaint. Plaintiff is cautioned that if he chooses to file an amended complaint, he must submit a short and plain statement demonstrating how the conditions or actions he complains of have injured him, and that he is entitled to relief under the laws he cites. In short, (1) the amended complaint must clearly identify what actions the defendant took that injured him, (2) the court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant, and (3) the charging allegations must be set forth in the amended complaint so defendant has fair notice of the claims plaintiff is presenting.

Any amended complaint must also show that the federal court has jurisdiction, that the action is brought in the right place, that plaintiff is entitled to relief if his allegations are true, and the amended complaint must contain a request for particular relief. The amended complaint should contain separately numbered, clearly identified claims – for example, "I. ADA Claim," "II. Rehabilitation Act Claim," "III. Retaliation Claim" – clearly identified at the beginning of each claim.

The dismissal motion makes clear that defendant intends to challenge this lawsuit on statute of limitations grounds. Accordingly, the court expects plaintiff to take the statute of limitations into account in drafting any amended complaint. Plaintiff can avoid needless motion

and discovery practice by specifying the dates that complained-of events occurred.  While it is technically not required for the complaint to anticipate defenses, in this case defendant has already asserted the statute of limitations defense.  Thus it would simply waste time for plaintiff to withhold that information from the complaint.

In addition, the allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible.  Fed. R. Civ. P. 10(b).  Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid narrative and storytelling.  That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Also, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Pacific Bell Telephone Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 (2009) ("Normally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed.1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

B.  Motion To Strike the Sur-Reply

After briefing on this motion was complete, plaintiff filed a document entitled "Plaintiff's Reply in Opposition/Defendant's Motion To Dismiss."  The filing appears to be a sur-reply.  A sur-reply is not authorized by the Local Rules or by the Federal Rules of Civil Procedure, although it may be allowed where appropriate:

> While the Local Rules provide for a motion, an opposition, and a reply, neither the Local Rules nor the Federal Rules provide the right to file a surreply.  See E.D. Cal. R. 230(b)-(d), ( 1 ).  A district

court may allow a surreply to be filed, but only "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief." Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005).

Norwood v. Byers, 2013 WL 3330643, at *3 (E.D. Cal.) (Claire, M.J.) (granting the motion to strike the sur-reply because "defendants did not raise new arguments in their reply that necessitated additional argument from plaintiff, plaintiff did not seek leave to file a surreply before actually filing it, and the arguments in the surreply do not alter the analysis below"), adopted, 2013 WL 5156572 (E.D. Cal. 2013).

Here, defendant did not raise new arguments in their reply brief, and plaintiff did not seek leave to file a sur-reply.  Moreover, the sur-reply simply re-alleges facts alleged in the complaint, or alleges new facts, but does not address the legal basis for defendant's motion to dismiss.  Therefore, it could play no role in the analysis of the dismissal motion.  Accordingly, it will be disregarded and defendant's motion to strike it will be granted.

On January 16, 2015, plaintiff filed another sur-reply.  For the reasons set forth above, that sur-reply will also be stricken and disregarded.

## IV.  CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss (ECF No. 7) is GRANTED, and plaintiff is granted 60 days to amend the complaint to cure the defects stated above;

2. Defendant's motion to strike (ECF No. 21) is GRANTED, and the Clerk is directed to strike ECF No. 20 from the docket;

3. The court sua sponte orders plaintiff's second sur-reply (ECF No. 22) STRICKEN, and the Clerk of the Court is directed to strike ECF No. 22 from the docket.

DATED: January 22, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE