UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE DEAN HARTLINE,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNIVERSITY,<br><br>Defendant. | No. 2:14-cv-0635 KJM AC (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff alleges that defendant National University – where he was studying, and which placed him in student-teaching jobs – discriminated against him because of his age and disability. Plaintiff alleges violations of: Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(b)(2)(A) (disability discrimination by public accommodations) (Counts 1-4); Section 504 of the Rehabilitation Act ("RA"), 29 U.S.C. § 794(a) (disability discrimination by recipients of federal funds) (Counts 1-5); The Age Discrimination Act of 1975, 42 U.S.C. § 6102 (Counts 6 and 7) (age discrimination by recipients of federal funds); "Due Process" (Counts 8-10); and state claims for "reckless endangerment" (Count 11), fraud (Count 12), and personal injury (Count 13). See ECF No. 29 (Amended Complaint).

Defendant moves to dismiss: (1) the Count 1-4 ADA and RA claims on the grounds that plaintiff's original complaint, filed March 7, 2014, missed the applicable two year limitations period, with the last alleged violation having occurred on January 2012; (2) the Count 5 RA claim

1

on the grounds that it fails to state a claim; (3) the age discrimination claims on the grounds that plaintiff failed to exhaust required administrative remedies, and that the time to do so has passed; (4) the due process claims on the grounds that defendant is not a government actor; (5) the state claims because they are barred by the applicable limitations period; and (6) all the claims because they fail to state a claim upon which relief can be granted.

The motion came on for hearing on July 29, 2015. Plaintiff appeared pro se, and Michael J. Etchepare, Esq. appeared on behalf of defendant.

## I. LEGAL STANDARDS

### A. Motion To Dismiss

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). It is insufficient for the pleading to contain a statement of facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of action. Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-35 (3d ed. 2004)). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Twombly, 550 U.S. at 555-56), construe those allegations in the light most favorable to the

plaintiff, Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010) (citing Twombly, 550 U.S. 544), cert. denied, 131 S. Ct. 3055 (2011), and resolve all doubts in the plaintiff's favor.  Hebbe v. Pliler, 627 F.3d 338, 340 (9th Cir. 2010) (citing Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738 (1976)).  The court need not accept as true, legal conclusions "cast in the form of factual allegations."  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  See Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011).

B.  Title III of the ADA

Title III of the Americans with Disabilities Act ("ADA") prohibits public accommodations from discriminating against disabled persons "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations."  42 U.S.C. § 12182(a); PGA Tour, Inc. v. Martin, 532 U.S. 661, 676 (2001).

The ADA applies to colleges and universities.  28 C.F.R. § 36.104(10) ("public accommodation" includes "[a] nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education").  In any event, defendant does not dispute that it is subject to the ADA.

C.  Section 504 of the Rehabilitation Act

"Section 504 of the Rehabilitation Act prohibits organizations that receive federal funds . . . from discriminating against individuals with disabilities."  Ervine v. Desert View Regional Medical Center Holdings, LLC, 753 F.3d 862, 868 (9th Cir. 2014) (citing 29 U.S.C. § 794(a)).  This prohibition extends to postsecondary educational programs.  34 C.F.R. § 104.43(c) (postsecondary educational programs "may not, on the basis of handicap, exclude any qualified handicapped student from any course, course of study, or other part of its education program or

///

3

activity"). Plaintiff alleges that defendant is a recipient of federal funds, and in any event, defendant does not dispute that it is subject to the RA.

### D. The Age Discrimination Act of 1975

Section 303 of the Age Discrimination Act of 1975 prohibits discrimination on the basis of age in "any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. No action may be brought under this provision "if administrative remedies have not been exhausted." 42 U.S.C.A. § 6104(e)(2). Under the implementing regulations, plaintiff must "file a complaint [with the Department of Education] within 180 days from the date the complainant first had knowledge of the alleged discrimination." 34 C.F.R. § 110.31(a). In addition, plaintiff must notify the Secretary of Health and Human Services, the Attorney General of the United States, and the defendant, 30 days before filing suit in federal district court. Id., § 6104(e)(1).

## II. ANALYSIS

### A. Counts 1-4: ADA and RA Claims

#### 1. Allegations

In February and March of 2011, plaintiff asked the Director of Student Teaching Placement, Eileen Cook, for an accommodation for his disability. First Amended Complaint ("FAC") (ECF No. 29) Count 1. Cook denied the requested accommodation, in alleged violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182(b)(2)(A), and the Rehabilitation Act ("RA"), 34 C.F.R. § 104.42(c). Indeed, Cook refused to even look at the medical records plaintiff brought to her to show his need for the accommodation, in violation of the ADA and the RA. FAC Count 2.

In August 2011, plaintiff was placed in a middle school, presumably by defendant. FAC Count 3. Prior to the placement, defendant failed and refused to ensure that his disability would be accommodated at the school, even though he had signed a waiver permitting defendant to discuss his disability with the school, in alleged violation of the ADA and the RA. Id. Plaintiff had a stroke in September 2011, apparently, while teaching at the middle school. Id.

///

///

4

In January 2012, defendant placed plaintiff at a high school. FAC Count 4. Defendant prevented plaintiff from seeking an accommodation there by forbidding him from divulging his disability to that school, in alleged violation of the ADA and the RA. Id.

### 2. Statute of Limitations

Defendant asserts that the statute of limitations for ADA and RA is two years, based upon California's two-year statute of limitations applicable to personal injury torts, Cal. Civ. Proc. Code § 335.1. See Defendant's Motion To Dismiss ("Motion") (ECF No. 32-1) at 12. If this is so, plaintiff's first four ADA and RA claims are time-barred, having been filed originally on March 7, 2014, outside the limitations period.

#### a. Title III of the ADA (public accommodations)

Title III of the ADA contains no statute of limitations, and no Supreme Court or Ninth Circuit decision has determined what limitations period applies in a Title III case. It appears that the only Ninth Circuit case applying a limitations period to Title III claims did so on the basis of the parties' agreement. See Pickern v. Holiday Quality Foods Inc., 293 F.3d 1133, 1137 n.2 (9th Cir.), cert. denied, 537 U.S. 1030 (2002).[1]

The statute of limitations applicable in a Title II (public entity) case has now been established in the Ninth circuit by Sharkey v. O'Neal, 778 F.3d 767 (9th Cir. 2015), but Sharkey does not resolve the Title III question. Indeed, Sharkey expressly rejected the notion that the courts "must apply the same limitations period to all ADA claims." Sharkey, 778 F.3d at 770. Specifically,

> The ADA is structured as separate titles governing different conduct: Title I, 42 U.S.C. §§ 12111-12117, covers discrimination in employment; Title II, 42 U.S.C. §§ 12131-12165, covers discrimination in public services; and Title III, 42 U.S.C. §§ 12181-12189, covers discrimination in public accommodations and services operated by private entities. It is clear that Congress did not intend every title of the ADA to have the same limitations period. Title I expressly incorporates the limitations period under Title VII of the Civil Rights Act, whereas Congress omitted express

---

[1] "The parties agree" that the limitations period applicable to personal injury cases – it was one year when Pickern was decided, but is now two years – applies to the Title III ADA claim. Id. "Because the parties agree that the applicable limitations period is one year [now two years] and do not argue the point to us, we assume without deciding that they are correct." Id.

5

> limitations periods from the other ADA titles. Furthermore, because each title of the ADA "encompasses different types of discrimination, as well as different remedies," Mary J. Topliff, Annotation, *Limitation of Actions Under the Americans with Disabilities Act*, 144 A.L.R. Fed. 307 § 2(a) (1998), there is good reason for differing statutes of limitations. Here, we express no opinion as to the limitations period applicable to claims under titles of the ADA other than Title II.

Id. (citation omitted).

Sharkey and other cases do teach *how* the applicable limitations period should be determined. Specifically,

> [t]o determine the applicable statute of limitations for a cause of action created by a federal statute, we first ask whether the statute expressly supplies a limitations period. If it does not, we generally "borrow" the most closely analogous state limitations period.

Graham County Soil & Water Conservation Dist. v. United States ex rel. Wilson, 545 U.S. 409, 414 (2005); Sharkey, 778 F.3d at 770 ("the court borrows 'the statute of limitations applicable to the most analogous state-law claim, so long as it is not inconsistent with federal law or policy to do so'") (internal quotations marks omitted). Therefore, the court must look to the most closely analogous state-law claim and, using state law, determine which statute of limitations applies to it. Sharkey, 778 F.3d at 773 (the determination of which statute of limitations applies to a state-law claim is "a question of state law").

Here, Title III of the ADA prohibits discrimination in public accommodations on the basis of disability. 42 U.S.C. § 12182.[2] Therefore, the two plausible candidates for most analogous state statute are: (1) California's Unruh Act, see Cal. Civil Code § 51(b), which prohibits "business establishments of every kind whatsoever" from discriminating on the basis of disability,[3] and which seems to be the logical choice under the reasoning of Sharkey; and (2) the

---

[2] "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a).

[3] "All persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civil Code § 51(b).

6

personal injury statute, see Cal. Civil Code § 335.1, which is the choice of many cases preceding Sharkey, and the choice urged by defendant. See Kramer v. Regents of University of California, 81 F. Supp. 2d 972, 973-78 (N.D.Cal.,1999) (Illston, J.) (collecting cases).

The difference is academic, because the Unruh Act and the personal injury statute are both subject to a two-year statute of limitations. See Cal. Civ. Proc. Code § 335.1 (personal injury claims must be brought "[w]ithin two years"); West Shield Investigations and Sec. Consultants v. Superior Court, 82 Cal. App. 4th 935, 953 (6th Dist. 2000) ("Thus, because the [Unruh] Act, as set forth at Civil Code section 51 et seq., constitutes a refinement and codification of existing common law liability for violation of civil rights, the applicable statute of limitations for claims under the Act is section 340, subdivision (3) [since re-codified as Cal. Civ. Code § 335.1], the one-year limitations period for personal injury actions [since changed to two-years in § 335.1], rather than section 338, subdivision (a), the three-year limitations period for liability created upon a statute"); Gatto v. County of Sonoma, 98 Cal. App. 4th 744, 760 (1st Dist. 2002) (agreeing with the result in West Shield, and holding that the Unruh Act Section 51(b) claim "clearly derives from common law principles and is for that reason subject to the one-year statute" – since revised to two years by statute – applicable to personal injury claims).[4]

Plaintiff's claims are subject to a two-year statute of limitations by analogy to the Unruh Act and/or to the California personal injury statute. Plaintiff's first four ADA claims, Claims 1-4, are therefore barred by the statute of limitations.

### b. RA Claims

The same analysis applies to the RA claims, because the RA does not contain its own statute of limitations. Moreover, no Supreme Court or Ninth Circuit case has determined what

---

[4] The thorough and well-reasoned decision in Kramer did not have the benefit of California decisions, specifically the later-decided California Court of Appeals decisions in West Shield and Gatto, when it held that the Unruh Act had a three-year statute of limitations. See Kramer, 81 F. Supp. 2d at 977-78. This court is obliged to reach a different conclusion than Kramer, in light of the intervening California appellate court decisions in West Shield and Gatto, and the lack of any evidence that the California Supreme Court would reach a decision contrary to those appellate decisions. See Sharkey, 778 F.3d at 773 (in deciding state-law statute of limitations, "the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it") (internal quotation marks omitted).

the limitations period is, instead relying on the parties' agreement. See Ervine, 753 F.3d at 869 (in a Section 504 RA case, "[a]ll parties agree that the analogous state law here is Nevada's two-year statute of limitations for personal injuries"); Douglas v. California Dept. of Youth Authority, 271 F.3d 812, 823 n.11 (9th Cir. 2001) ("[i]n this case, both parties agree that California's one-year statute of limitations for person[al] injuries governs Douglas's Section 504 claim");[5] Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1136 (9th Cir. 2001) (en banc) (regarding the Section 504 statute of limitations, "[a]s plaintiffs conceded in the district court that a one-year statute of limitations applies here [since changed by statute to two years], however, we do not reach the issue"); Alexopulos ex rel. Alexopulos v. San Francisco Unified School Dist., 817 F.2d 551, 554 (9th Cir. 1987) (plaintiff's RA claim is barred under either the three-year limitation period "upon a liability created by statute, " or the (now) two year "limitation period for personal injury actions," and accordingly, the court did not reach the question of which one governed).

Like an ADA claim, an RA claim is most closely analogous to a personal injury claim or to an Unruh Act claim. As discussed above, both such state-law claims are subject to a two-year statute of limitations. See Cal. Civ. Proc. Code § 335.1 (personal injury), Cal. Civil Code § 51(b) (Unruh Act). Accordingly, plaintiff's RA claims are subject to a two-year statute of limitations, and Claims 1-4 are barred by that statute of limitations insofar as they rely on the RA.

B. Count 5: RA Claim

1. Allegations

In March and April 2012, defendant counseled plaintiff to accept a "more restrictive career objective," in alleged violation of the RA. FAC Count 5. Specifically, Professor Joe Birdsell counseled plaintiff to switch to a "Master of Arts in Education" program, which "does not have an attached teaching credential." Id. This switch would not enable plaintiff to teach, or

---

[5] As amended, 271 F.3d 910 (2001), cert. denied, 536 U.S. 924 (2002). The Douglas court's seemingly unequivocal statement in the text that "[a] one-year statute of limitations applies to the Rehabilitation Act Section 504 claim," is, in fact, predicated solely on the parties' agreement, as explained in the footnote. 271 F.3d at 823 n.11. See also, Sharkey, 778 F.3d at 770 n.3 (collecting cases, including Pickern, where the Ninth Circuit "assumed without deciding that California's statute of limitations for personal injury claims applies to ADA and Rehabilitation Act claims").

to have his student loans forgiven (if he taught in qualified schools). Plaintiff asserts that this was done as an act of "retaliation" against plaintiff, and alleges that this conduct violates 34 C.F.R. § 104.47(b) of the RA implementing regulations.[6]

### 2. Statute of limitations

This claim may, or may not, be barred by the two-year statute of limitations, as the original complaint was filed on March 7, 2014. Defendant argues that the claim should be dismissed because plaintiff "is in strict violation" of the court's prior order which stated that '[p]laintiff can avoid needless motion and discovery practice by specifying the dates that complaint-of events occurred . . ..'" Motion at 13.

The undersigned finds that plaintiff is not in violation of the order. Plaintiff plainly did the best he could to specify dates, and the fact that he did not specify the precise date on which he was steered into a more restricted career path, is entirely reasonable. If this claim has merit, discovery will likely reveal whether or not the alleged steering occurred before March 7, 2012, and therefore is or is not outside the limitations period.[7]

### 3. Merits of the claim

#### a. Retaliation

Defendant argues that plaintiff has not made a prima facie case of "retaliation" under the RA, because he has not alleged any "adverse action," citing Pardi v. Kaiser Foundation Hospitals,

///

---

[6] "Agencies may promulgate regulations that implement the requirements concerning treatment of disabled individuals contained in § 504. The Department of Health, Education and Welfare ['HEW'], the predecessor to the U.S. DOE, promulgated regulations interpreting § 504. Those regulations are currently in force as U.S. DOE regulations. 34 C.F.R. §§ 104.1-104.61." Mark H. v. Lemahieu, 513 F.3d 922, 929 (9th Cir. 2008) (citations omitted).

[7] At the hearing, counsel for defendant suggested that discovery may not reveal whether this conduct occurred within or without the statute of limitations. That is no basis for dismissing the claim. If discovery does not provide a definitive answer, the issue will be a contested factual issue that will be for the trier of fact to determine. Cf. Halperin v. Halperin, 750 F.3d 668, 672 (7th Cir. 2014) ("[b]ecause the applicability of the statute of limitations turned on contested facts in this case, the issue was properly submitted to the jury").

389 F.3d 840 (9th Cir. 2004) (an ADA case). Defendant is correct that plaintiff has not alleged a claim for retaliation under the RA.

The RA does not have an anti-retaliation provision of its own. However, it does provide that:

> [t]he remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) . . . shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

29 U.S.C.A. § 794a(2). This provision thus "incorporates the anti-retaliation provision of Title VI of the Civil Rights Act of 1964." Barker v. Riverside County Office of Educ., 584 F.3d 821, 825 (9th Cir. 2009). In turn, the anti-retaliation provision of Title VI is set forth in the implementing regulations, and provides:

> No recipient or other person shall intimidate, threaten, coerce, or discriminate against any individual for the purpose of interfering with any right or privilege secured by section 601 of the Act or this part, or because he has made a complaint, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this part.

34 C.F.R. § 100.7(e); see Barker, 584 F.3d at 825 (quoting the regulation).

Nothing in the complaint alleges that defendant engaged in any such adverse act – intimidation, threat, coercion, or discrimination – against plaintiff *for the purpose of interfering with any right secured by the RA*. Although plaintiff alleges that defendant counseled him towards a more restrictive career objective – even assuming this would count as a retaliatory act or an "adverse act" – he does not assert that this was done *in retaliation* for his assertion of any right or privilege under the RA.

Plaintiff's use of the word "retaliation" does not turn Claim 5 into a viable retaliation claim. Defendant is correct that the alleged facts do not state a claim for retaliation. However, the retaliation issue is a bit of a straw man. Claim 5 is pled primarily as a direct violation of the RA and its implementing regulations. As such, it is not obviously defective.

///

///

10

b. Direct violation of RA implementing regulations

i. Private right of action

According to the complaint, Prof. Birdsell and Student Relations Coordinator Dory Foster counseled plaintiff "towards a more restrictive career objective," and did so because plaintiff is a disabled student, in alleged violation of 34 C.F.R. § 104.47(b), an implementing regulation of the RA. That regulation provides:

> A recipient to which this subpart applies that provides personal, academic, or vocational counseling, guidance, or placement services to its students shall provide these services without discrimination on the basis of handicap. The recipient shall ensure that qualified handicapped students *are not counseled toward more restrictive career objectives* than are nonhandicapped students with similar interests and abilities.

34 C.F.R. § 104.47(b) (emphasis added). At oral argument on this motion, defendant suggested that there may be no private right of action under this regulation.

Whether plaintiff "can bring an action to enforce the § 504 *regulations* will depend on whether those regulations come within the § 504 implied right of action." Mark H. v. Lemahieu, 513 F.3d 922, 935 (9th Cir. 2008) (emphasis in text). The court further explained as follows:

> regulations can only be enforced through the private right of action contained in a statute when they "authoritatively construe" the statute; regulations that go beyond a construction of the statute's prohibitions do not fall within the implied private right of action, even if valid. As applied here, Sandoval instructs that whether the § 504 regulations are privately enforceable will turn on whether their requirements fall within the scope of the prohibition contained in § 504 itself.

Mark H., 413 F.3d at 935 (footnote and citation omitted) (quoting Alexander v. Sandoval, 532 U.S. 275, 285-86 (2001)). Without the benefit of briefing on the matter, the court will not dismiss this claim on the asserted basis that the regulation contains no private right of action.

The regulation requires the recipient of federal funds to ensure that disabled students are not counseled differently, and specifically, toward more restrictive career choices, than are non-disabled students, regarding their course of study.[8] See 34 C.F.R. § 104.47(b). On its face, this

---
[8] It is a matter of common knowledge that university counsellors counsel students all the time about their career choices, not necessarily recommending the same career choices for every student. The court reads nothing in the regulation that restricts such counsellors from making

11

regulation thus appears to be an authoritative construction of the statute, and further appears to fall within the scope of the prohibition of the RA. The RA authorizes the U.S. Department of Education to promulgate these regulations. See Mark H., 513 F.3d at 929. Moreover, the proscription against counseling disabled students differently than non-disabled students appears, facially, to be within the statutory proscription against "discrimination" against disabled students under any program or activity receiving Federal financial assistance. See Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 174 (2005) (regarding retaliation, it "is a form of 'discrimination' because the complainant is being subjected to differential treatment"); Cabazon Band of Mission Indians v. Smith, 388 F.3d 691, 698 (9th Cir. 2004) ("'[d]iscrimination' is defined as '[d]ifferential treatment; esp., a failure to treat all persons equally when no reasonable distinction can be found between those favored and those not favored'") (quoting Black's Law Dictionary (8th ed. 2004)).

### ii. Standing

This claim suffers from a more fundamental flaw, however. As it is currently pled, plaintiff lacks standing to assert it. While the court infers from the language of plaintiff's complaint that he was counseled into a more restrictive career objective because of his disability, he does not allege, nor can the court infer from his allegations, that he actually took the more restrictive route. If anything, the complaint implies that plaintiff did not take the advice, although it does not expressly say so. Nor does plaintiff allege that this counseling harmed him in any other way. It is not enough for plaintiff to allege that defendant violated the RA or its implementing regulations. He must allege facts showing that he was harmed in some concrete way by the defendant's counseling because otherwise, he lacks standing to bring this lawsuit. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472 (1982) ("at an irreducible minimum, Art. III [of the U.S. Constitution] requires the party who invokes the court's authority to show that he personally has suffered some actual or

---

thoughtful recommendations to their students, including their disabled students. However, the regulation prohibits *discriminating* against disabled students by counselling them into more restrictive career choices than non-disabled students, on the basis of disability rather than aptitude and qualifications.

12

threatened injury as a result of the putatively illegal conduct of the defendant") (internal quotation marks omitted).

In addition, plaintiff's complaint contains no request for relief. In addition to showing that he has been harmed, plaintiff must let the court know what relief he seeks, as the court will not simply issue an advisory opinion about defendant's conduct.

Accordingly, this claim should be dismissed with leave to amend. Plaintiff should only amend this claim if he can truthfully allege facts showing that he actually took Foster's or Prof. Birdsell's advice and was thereby harmed, or that he was harmed in some other way by the counseling he received. If plaintiff cannot do so, he should so notify the court so that this claim can be dismissed.[9]

### C. Counts 6 & 7: Age Discrimination and Retaliation

Plaintiff alleges that defendant discriminated against him on the basis of his age. Defendant points out that the complaint does not show that plaintiff exhausted his administrative remedies as required by the Act. See 42 U.S.C.A. § 6104(e)(2) (No action may be brought under this provision "if administrative remedies have not been exhausted"); 34 C.F.R. § 110.31(a) (plaintiff "shall file a complaint [with the Department of Education] within 180 days from the date the complainant first had knowledge of the alleged discrimination"). Defendant further argues that it is too late for plaintiff to exhaust those remedies now.

At the hearing, plaintiff conceded that he did not file a complaint with the Department of Education. Accordingly, this claim should be dismissed with prejudice.

### D. Counts 8-10: "Due Process"

Plaintiff alleges that he was denied "due process." "The Due Process Clause of the Fifth Amendment forbids *the federal government* from depriving persons of 'life, liberty, or property, without due process of law.'" Buckingham v. Secretary of U.S. Dept. of Agr., 603 F.3d 1073, 1081 (9th Cir. 2010) (emphasis added) (quoting U.S. Const. amend. V). "The Due Process

---

[9] Since the undersigned is recommending that all other federal claims be dismissed with prejudice, this would also result in the dismissal of the entire federal lawsuit, although plaintiff would be free to pursue his surviving state claims, if any, in state court.

13

Clause of the Fourteenth Amendment . . . forbids *the states* from depriving any person of life, liberty or property, without due process of law." Paskaly v. Seale, 506 F.2d 1209, 1211 (9th Cir. 1974) (emphasis added); U.S. Const. amend XIV § 1. Defendant is not a federal or state government, and therefore cannot violate the Due Process Clause of either the Fifth or the Fourteenth Amendment.

Although plaintiff alleges that defendant is the recipient of federal funds, such receipt does not transform defendant into a federal actor. Cf. Rendell-Baker v. Kohn, 457 U.S. 830, 840 (1982) ("the school's receipt of public funds does not make the discharge decisions acts of the State"); accord, Greenya v. George Washington University, 512 F.2d 556, 560-62 (D.C. Cir.) (receipt of federal funds does not transform university into a federal actor for Fifth Amendment purposes), cert. denied, 423 U.S. 995 (1975). Accordingly, plaintiff has failed to state a claim upon which relief can be granted. These claims should be dismissed with prejudice.

### E. State-law claims

#### 1. Count 11: "Reckless Endangerment"

Plaintiff alleges that defendant placed him at "Rio Americano" in January 2012, but that he was required to "remain mute" about his medical conditions even though he had had a stroke a few months earlier. Plaintiff further alleges that this placed him in great danger because *if* he had had a medical emergency, the school would not know how to help him.

It is not clear that there is any civil cause of action for "reckless endangerment." Even assuming there is one, it would appear to sound in personal injury (tort), in which case it should be dismissed on statute of limitations grounds. Personal injury claims are subject to the two-year statute of limitations discussed above, Cal. Civ. Proc. Code § 335.1. The only activity complained of here occurred in January 2012, and is therefore barred by the statute of limitations.

In addition, tort claims require some type of resulting harm or damage: the "mere breach of duty – causing only nominal damages, speculative harm or the threat of future harm not yet realized – normally does not suffice to create a cause of action." City of Pomona v. SQM North America Corp., 750 F.3d 1036, 1051 (9th Cir. 2014) (internal quotation marks omitted), cert.

///

denied, 135 S. Ct. 870 (2014). Plaintiff does not allege any resulting harm or damage from the alleged reckless endangerment by defendant.

This claim should be dismissed with prejudice.

### 2. Count 12: Fraud

#### a. Allegations

Plaintiff alleges that defendant committed fraud by telling him that National University had experience working with disabled students, that there would be no problems arising from his disability, and that getting an internship or student teaching assignment would be no problem. Plaintiff then found out in January 2010 that defendant was having difficulties placing students in local schools.

#### b. Statute of limitations

Fraud claims are subject to a three-year statute of limitations, but the claim does not accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake." Cal. Civ. Proc. Code § 338(d); Samuels v. Mix, 22 Cal. 4th 1, 14 (1999) ("Section 338(d) provides that a plaintiff must commence within three years any 'action for relief on the ground of fraud or mistake. The cause of action in that case is not to be deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake.").

Defendant argues that the alleged fraud occurred in 2008, prior to his enrollment. Motion at 13. Defendant is correct, but fails to mention the "discovery" part of the statute of limitations. Plaintiff, unsurprisingly as a pro se litigant, does not expressly invoke the "discovery" issue. However, his complaint plainly shows that he discovered the alleged fraud regarding how he would be treated as a disabled student only when the discrimination against him began. That was alleged to have occurred on several occasions: (1) in February or March 2011, when he was denied an accommodation; (2) in August 2011, when he was placed in a school and forbidden to let them know of his disability so that it could be accommodated; (3) in January 2012, when he was placed at Rio Americano High School and again forbidden to divulge his disability; and (4) in March or April 2012, when he was steered toward a more restrictive career. The fraud

///

claim is thus not barred by the statute of limitations, since these activities occurred less than 3 years before plaintiff filed his original complaint.

On the other hand, the complaint shows that plaintiff became aware in January 2010 of the fraudulent nature of defendant's claim that finding a student teaching job would be no problem. See Count 12. The fraud claim as to that issue is barred by the statute of limitations.

### c. Merits of the claim

Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks omitted). Defendant argues that plaintiff does not allege the elements of a fraud claim, nor comply with the particularity requirements of Fed. R. Civ. P. 9(b).

Plaintiff has not sufficiently pled fraud. The complaint, liberally read, does allege that defendant lied to plaintiff when he was considering enrolling at National University. According to the complaint, an admissions counselor at National University lied to plaintiff, telling him that defendant had experience working with disabled students, and that plaintiff would have no problems in that area. These allegations are sufficient to infer knowledge and intent on defendant's part. See Miller v. National American Life Ins. Co., 54 Cal. App. 3d 331, 338 (1976) ("[t]he law is established in California that, since direct proof of fraudulent intent is often an impossibility, because the real intent of the parties and the facts of a fraudulent transaction are peculiarly in the knowledge of those sought to be charged with fraud, proof indicative of fraud may come by inference from circumstances surrounding the transaction, the relationship, and interest of the parties") (internal quotation marks omitted). Moreover, plaintiff reasonably relied on this deception (along with others falling outside the limitations period), in that he would not have enrolled at National University if defendant had told him the truth.

However, plaintiff's fraud claim fails because the complaint fails to allege facts showing that he suffered damages.[10] Moreover, the complaint contains no request for damages. While the

---

[10] The complaint does allege that plaintiff suffered a stroke while in his placement. However, there is no allegation or inference to be drawn that the placement caused the stroke. In

16

court will liberally construe the pro se complaint as seeking all the damages available, the complaint itself must set forth some basis for the damages.[11]

G. Count 13: Personal Injury

Plaintiff's last claim is for "personal injury" suffered from September 2011 to January 2012. These claims are barred by the two-year statute of limitations applicable to personal injury claims. See Cal. Civ. Proc. Code § 335.1.

### III. RECOMMENDATION

For the reasons stated above, IT IS HEREBY RECOMMENDED THAT the motion to dismiss (ECF No. 32) be GRANTED as follows:

1. GRANTED with prejudice as to Counts 1 through 4 (ADA and RA claims), on statute of limitations grounds;

2. GRANTED without prejudice, as to Count 5 (RA Claim), and that plaintiff be granted LEAVE TO AMEND within 30 days if he can plead facts establishing that he has standing, as discussed above;

3. GRANTED with prejudice as to Counts 6 and 7 (Age Discrimination Act claims), for failure to exhaust administrative remedies;

4. GRANTED with prejudice as to Counts 8 through 10 ("Due Process" claims), for failure to state a claim;

5. GRANTED with prejudice as to Count 11 ("reckless endangerment" claim), for failure to state a claim;

6. GRANTED with prejudice as to Count 12 (fraud claim), insofar as it is based on plaintiff's placement in student teaching jobs, on statute of limitations grounds;

///

///

---

addition, it is not clear that suffering a stroke is the type of "damage" compensable on a fraud claim.

[11] For example, plaintiff fails to allege that he paid tuition money to defendant as a result of the alleged fraud. If such an allegation were present, the court could reasonably infer that plaintiff seeks damages in the amount of tuition paid.

17

7. GRANTED without prejudice as to Count 12 (fraud claim), insofar as it is based on alleged misrepresentations of defendant's prior experience with disabled students, and that plaintiff be granted LEAVE TO AMEND this claim within 30 days; and

8. GRANTED with prejudice as to Count 13 (personal injury claim).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: August 6, 2015.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE