SANDRA L. McDONOUGH (SBN 193308)
EVAN A. PEÑA (SBN 268510)
**PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP**
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: 619-237-5200
Facsimile: 619-615-0700

Attorneys for Defendant NATIONAL UNIVERSITY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE DEAN HARTLINE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL UNIVERSITY,<br><br>　　　　Defendant. | Case No. 2:14:CV-0635 KJM AC PS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT NATIONAL UNIVERSITY'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(1) & (6)]<br><br>Date:　　　　　　June 8, 2016<br>Time:　　　　　　10:00 a.m.<br>Judge:　　　　　Hon. Kimberly J. Mueller<br>Courtroom:　　　3<br>Magistrate Judge: Hon. Allison Claire<br>Courtroom:　　　26<br>Trial Date:　　　Not Set |

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

DEFENDANT NATIONAL UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

## I. INTRODUCTION

Plaintiff Doyle Dean Hartline's Second Amended Complaint against National University ("National") fails for the same reasons as his last two complaints: it makes sweeping conclusions, but at no point alleges all of the elements of a recognized claim. After National's last Motion to Dismiss, the Court granted Hartline leave to amend so he could attempt to allege damages caused by National's alleged :1) statements regarding its services for disabled students; and 2) offer of a Master's degree program that did not include a teaching credential in order to support potential common law fraud and Rehabilitation Act claims, respectively.[1] Hartline's allegations do not show any damages and instead show he *benefited* from National's involvement and assistance. Because Hartline has still failed to allege damages after three opportunities, National respectfully requests that the Court grant this Motion to Dismiss in its entirety, with prejudice.

## II. STANDARD FOR A MOTION TO DISMISS

Federal Rule of Civil Procedure 2(b)(6) permits a motion to dismiss where the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6); *Contreras, ex rel. Contreras v. Cnty. of Glenn*, 725 F. Supp. 2d 1157, 1158-59 (E.D. Cal. 2010). If a claim is time-barred, a 12(b)(6) motion is also appropriate. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As further explained by the Supreme Court: a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss.

---

[1] Hartline's repeated yet passing references to the American with Disabilities Act should be disregarded because the Court previously dismissed these claims, with prejudice, as barred by the statute of limitations. (Order dated August 6, 2015, 7:17-19, 17:10-11.) Similarly, Hartline's statements regarding his age are irrelevant because the Court already dismissed with prejudice his claims for age discrimination and retaliation. (*Id.* at 13:19-20, 17:15-16.) Finally, Hartline cites the Persons with Disabilities Civil Rights Act, but that Michigan statute is inapplicable here because Hartline is a resident of Sacramento County and his allegations are limited to events in California. (*See* Second Amended Complaint, 1:3-4, 2:1-5.)

2

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

DEFENDANT NATIONAL UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) [emphasis added]. A claim is deemed plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id* at 678. Although legal conclusions might frame the complaint, these conclusions must be supported by factual allegations sufficient to establish a plausible basis for relief. *Id.; Twombly*, 550 U.S. at 556-557.

Thus, the Court must undertake a two-part analysis: first, it must separate the factual allegations and legal conclusions, and take the factual allegations as true; and second, it must determine whether the facts alleged are sufficient to show plaintiff has a "plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d. Cir. 2009); *Iqbal,* 556 U.S. at 677-678. The burden is squarely on plaintiff to show his factual allegations state more than a speculative basis for relief. *Iqbal*, 556 U.S. at 677-678. Finally, dismissal may be with prejudice if there is a reasonable certainty plaintiff would not be entitled to relief under any set of provable facts. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 293 (9th Cir. 1990).

**III. HARTLINE FAILED TO STATE A FRAUD OR REHABILITATION ACT CLAIM**

Even after two opportunities to amend, Hartline still fails to state any claim upon which relief can be granted. In his Second Amended Complaint ("SAC'), Hartline repeatedly states that National lied to him regarding its services for disabled students and directed him to a more restrictive career, and this caused him a significant financial loss and a serious downturn in his health. These conclusory statements, however, fail to show that Hartline actually suffered compensable damages, let alone that National was the proximate cause of these damages. Because Hartline failed to plead sufficient facts from which the Court can infer he was damaged by National's alleged conduct, his two remaining claims should be dismissed, with prejudice.

**A.     Hartline Fails to Allege That National's Alleged Fraud Actually Damaged Him**

Under California law, "the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." *Vess v. Ciba-Geigy Corp. USA,* 317 F.3d 1097, 1105 (9th Cir. 2003). Moreover, Rule 9(b) of the Federal Rules of Civil Procedure requires a plaintiff to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P., R. 9(b); *Desaigoudar v. Meyercord*, 223 F.3d 1020,

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

3

DEFENDANT NATIONAL UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

1022 (9th Cir. 2000). Under this heightened pleading standard, a plaintiff must allege specific details about the purported fraud and each element of the claim. *See Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 569 (7th Cir. 2012); *Hayduk v. Lanna*, 775 F.2d 441, 444 (1st Cir. 1985) [mere conclusions that do not put defendant on notice cannot satisfy particularity requirement "no matter how many times such accusations are repeated"].

Hartline's fraud claim is still largely focused on the allegation that National withheld information regarding its placement of student teachers. (*See* SAC, 9:12-18, 10:9-22.) The Court has already ruled, however, that any fraud claim based on these allegations is barred by the statute of limitations. (Order dated August 6, 2015, 16:3-5.) These allegations regarding student teaching, therefore, are irrelevant.

Thus, Hartline's only remaining fraud theory is that National misrepresented its experience with disabled students, including the existence of a dedicated Disabled Students Office. (SAC, 9:2-7.) The Court has required that Hartline allege damages to support this theory, but his SAC still fails to allege such damages. (*See* Order dated August 6, 2015, 16:25-17:2.) Instead, Hartline states in a conclusory fashion that he suffered "great financial loss" and National caused "serious [i]njury to Plaintiff's health, and shortened Plaintiffs [sic] life expectancy." (SAC, 4:7-9, 11:13-16.) Hartline further alleges his total fraud damages are $15 million, but does not explain how he arrived at this figure. (*Id.* at 12:27-29.) Finally, Hartline never provides the essential link tying National's alleged fraud with his alleged financial loss, or current health.

Moreover, Hartline's own allegations demonstrate he did not suffer any damages from the alleged fraud because National officials promptly responded to his request for assistance regarding his disability. As Hartline alleges in the SAC, when he went looking for the alleged Disabled Students Office, an employee of National referred him to the Director of Operations. (SAC, 7:12-15.) Hartline then met with the Director of Operations, and provided him with a note from his doctor and other medical documentation. (*Id.* at 7:15-8:1.) The Director of Operations then told Hartline he would not be charged the standard $1,660 for his first class, and that he could retake it. (*Id.* at 8:2-4.) These allegations show that National promptly and reasonably responded to Hartline's concerns regarding his alleged disability. Hartline, therefore, has not only failed to

4

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

DEFENDANT NATIONAL UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

allege damages, his own allegations prove that National actively prevented him from suffering any damages. Because damages caused by defendant's conduct are an essential element of a fraud claim, this claim should be dismissed with prejudice. *See Vess,* 317 F.3d at 1105.

**B.     Hartline's Remaining Fraud Theory is Also Barred by the Statute of Limitations**

Even if the Court finds Hartline alleged damages, his fraud claim should still fail because it is barred by the statute of limitations. Hartline allegedly asked about an "office for disabled student services" and was told "the school did have disabled student services available . . . ." in September 2008. (SAC 5:8-6:1.) He further alleges his back flared up before he started classes in October 2008, this flare up prevented him from completing his course work, and this led him to discover that National did not have a dedicated Disabled Students Office. (*Id.* at 7:7-15.) Since Hartline's flare up presumably started before his first class in October 2008, that would indicate he sought out the alleged Disabled Students Office not long after he began classes in 2008. Meanwhile, Hartline filed his initial complaint in this matter on March 7, 2014, six years later. Fraud claims have a statute of limitations of three years. Cal. Code Civ. Proc. § 338(d); *David K. Lindemuth Co. v. Shannon Financial Corp.,* 660 F. Supp. 261, 263 (N.D. Cal. 1987). Hartline's fraud claim is therefore outside the statute of limitations by up to three years and should be dismissed, with prejudice.

**C.     Hartline Does not Allege the Master's Degree Program Offered Actually Damaged Him**

Generally, the Rehabilitation Act requires academic institutions to "make reasonable accommodations in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability." *Wong v. Regents of University of California,* 192 F.3d 807, 818 (1999) [citing *Zukle v. Regents of the University of California,* 166 F.3d 1041, 1046 (9th Cir. 1999)]. At issue here is a regulation interpreting the Rehabilitation Act: "The recipient shall ensure that qualified handicapped students are not counseled toward more restrictive career objectives than are nonhandicapped students with similar interests and abilities." 34 C.F.R. §

PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

5

DEFENDANT NATIONAL UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

104.47(b).[2]  As the Court ruled in response to National's last Motion to Dismiss, this regulation could conceivably allow for a private right of action, but Hartline still lacks standing to bring it because he has not alleged damages.  (Order dated August 6, 2015, 12:14-22 [citing *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 472 (1982)].)

First, Hartline never alleges he actually took a more restrictive career path.  He states he was not placed "in a classroom with a master teacher that had the same or similar Master's degree and credential sought by the Plaintiff."  (SAC, 12:5-7.)  This allegation relates to his fraud claim regarding student teaching opportunities, which the Court already ruled is barred by the statute of limitations and would be similarly barred by the Rehabilitation Act's statute of limitations.  (Order dated August 6, 2015, 16:3-5.)  Even if the statute of limitations did not bar this theory, however, this allegation still would not support Hartline's Rehabilitation Act claim because he never alleges (nor can he) that National steered him away from classrooms taught by teachers with Master's degrees.  Similarly, to the extent Hartline is alleging that National restricted his career choices by failing to inform potential schools of his age and alleged disability, the Court already ruled these allegations are beyond the Rehabilitation Act's two-year statute of limitations.  (Order dated August 6, 2015, 4:23-5:9, 8:14-18.)

Second, Hartline alleges that, in January 18, 2013, two employees of National offered a class that would allow him to complete a "Masters of Arts in education without the teaching credential."  (SAC, 13:2-7.)  Hartline alleges this would have been a restrictive career choice because he would not have been able to teach without a teaching credential.  (*Id.* at 13:9-10.)  As previously discussed, Hartline has not alleged that he took this course or did anything else to his detriment, such as putting down a non-refundable deposit to reserve a spot in the course.  Moreover, even if Hartline had enrolled in the course, doing so would not have damaged him.  As Hartline alleges, he knew at the time the offer was made that it would lead to a Master's degree, but

---

[2] To the extent Hartline is attempting to again bring a claim under the Rehabilitation Act's discrimination regulation (34 CFR § 104.43(c)), the Court has already ruled this claim is barred by the statute of limitations.  (Order dated August 6, 2015, 4:13-26, 7:21-8:18.)

6
PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

DEFENDANT NATIONAL UNIVERSITY'S MEMORANDUM OF POINTS AND AUTHORITIES ISO ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

not a teaching credential.  (*Id.* at 13:2-5.)  Hartline did not have either a Master's degree or a teaching credential.  (*Id.* at 2:10-14, 12:1-5.)  Enrolling in the offered course and completing a Master's degree would therefore only benefit him, particularly because it is undisputed that he knew from the outset this program would not lead to a teaching credential.  Hartline therefore failed to allege damages supporting his claim under the Rehabilitation Act  because he never actually took the allegedly restrictive course, he has completely failed to explain how this rejected offer harmed him in any way and, if he had taken the course, it would have only benefitted him.

## IV.  CONCLUSION

For all the foregoing reasons, National respectfully requests that its Motion be granted and Hartline's SAC be dismissed with prejudice because he has demonstrated inability to cure the defects in his complaint.

Dated: April 25, 2016                         PAUL, PLEVIN, SULLIVAN & CONNAUGHTON LLP

By:     /s/ *Sandra L. McDonough*
SANDRA L. McDONOUGH
EVAN A. PEÑA
Attorneys for Defendant NATIONAL UNIVERSITY