UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE DEAN HARTLINE,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNIVERSITY,<br><br>Defendant. | No.  2:14-cv-0635 KJM AC (PS)<br><br><br>FINDINGS AND RECOMMENDATION |

Plaintiff is proceeding in this action in pro per and in forma pauperis.  This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21).  On February 4, 2016, the court dismissed plaintiff's First Amended Complaint, and gave him leave to amend (1) his Rehabilitation Act claim, which alleges that he was counseled to accept lesser career training, and (2) his fraud claim, insofar as it was based on alleged misrepresentations of defendant's prior experience with disabled students.  ECF No. 55.

Plaintiff has amended those two claims in his Second Amended Complaint.  ECF No. 63.  Defendant again moves to dismiss.  ECF No. 66.  For the reasons set forth below, the undersigned will recommend that the motion to dismiss be denied.

## I.  THE COMPLAINT

The complaint alleges that defendant, National University – at whose school plaintiff was studying, and which placed him in student-teaching jobs – counseled him toward more restrictive

1

1  career objectives because of his disability.  Second Amended Complaint ("Complaint") (ECF

2  No. 63) at 12-13.

3    Plaintiff further alleges that defendant defrauded him by intentionally deceiving him about

4  its staff's ability to work with disabled students.  Specifically, defendant falsely stated that it had

5  a disabled student's office.  Complaint at 9.  Defendant also falsely stated that its administrators

6  knew how to apply Americans with Disabilities Act ("ADA") regulations, that they had

7  experience working with disabled students, and that the school was training its disabled students

8  about strategies to avoid dropping out of school.  Id. at 9.  Defendant also lied about what

9  plaintiff's placement options would be after completing the program.  Id.

10    Defendant moves to dismiss both claims because (1) plaintiff lacks standing because the

11  claims fail to allege damages with specificity, and (2) the fraud claim is barred by the statute of

12  limitations.

13                            II.  LEGAL STANDARDS

14    A.  Motion To Dismiss

15    The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the

16  Complaint.  N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983).  "Dismissal

17  can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged

18  under a cognizable legal theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

19  1990).

20    In order to survive dismissal for failure to state a claim, a complaint must contain more

21  than a "formulaic recitation of the elements of a cause of action;" it must contain factual

22  allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v.

23  Twombly, 550 U.S. 544, 555 (2007).  It is insufficient for the pleading to contain a statement of

24  facts that "merely creates a suspicion" that the pleader might have a legally cognizable right of

25  action.  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36

26  (3d ed. 2004)).  Rather, the complaint "must contain sufficient factual matter, accepted as true, to

27  'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

28  (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

1   factual content that allows the court to draw the reasonable inference that the defendant is liable

2   for the misconduct alleged."  Id.

3         In reviewing a complaint under this standard, the court "must accept as true all of the

4   factual allegations contained in the complaint," construe those allegations in the light most

5   favorable to the plaintiff, and resolve all doubts in the plaintiffs' favor.  See Erickson v. Pardus,

6   551 U.S. 89, 94 (2007); Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954,

7   960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011); Hebbe v. Pliler, 627 F.3d 338, 340 (9th

8   Cir. 2010).  However, the court need not accept as true, legal conclusions cast in the form of

9   factual allegations, or allegations that contradict matters properly subject to judicial notice.  See

10   Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981); Sprewell v. Golden State

11   Warriors, 266 F.3d 979, 988 (9th Cir.), as amended, 275 F.3d 1187 (2001).

12         Pro se pleadings are held to a less stringent standard than those drafted by lawyers.

13   Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pro se complaints are construed liberally and may

14   only be dismissed if it appears beyond doubt that the plaintiff can prove no set of facts in support

15   of his claim which would entitle him to relief.  Nordstrom v. Ryan, 762 F.3d 903, 908 (9th Cir.

16   2014).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an

17   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

18   Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

19         B.  Section 504 of the Rehabilitation Act

20         "Section 504 of the Rehabilitation Act prohibits organizations that receive federal funds

21   . . . from discriminating against individuals with disabilities."  Ervine v. Desert View Regional

22   Medical Center Holdings, LLC, 753 F.3d 862, 868 (9th Cir. 2014) (citing 29 U.S.C. § 794(a)).

23   This prohibition extends to postsecondary educational programs.  34 C.F.R. § 104.43(c)

24   (postsecondary educational programs "may not, on the basis of handicap, exclude any qualified

25   handicapped student from any course, course of study, or other part of its education program or

26   activity").  Defendant does not dispute that it is subject to the Rehabilitation Act ("RA").

27         The form of discrimination plaintiff complains about is the practice of steering disabled

28   students toward more restrictive career objectives:

3

> A recipient to which this subpart applies that provides personal, academic, or vocational counseling, guidance, or placement services to its students shall provide these services without discrimination on the basis of handicap. The recipient shall ensure that qualified handicapped students are not counseled toward more restrictive career objectives than are nonhandicapped students with similar interests and abilities.

34 C.F.R. § 104.47(b).

C. Fraud

"Under California law, the indispensable elements of a fraud claim include a false representation, knowledge of its falsity, intent to defraud, justifiable reliance, and damages." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1105 (9th Cir. 2003) (internal quotation marks omitted). Where, as here, a fraud claim would be tried in federal court, it must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

III.  ANALYSIS

A. Rehabilitation Act Claim

1. Allegations

Plaintiff alleges that defendant counseled him "to accept lesser career training." Id. at 13. On January 18, 2013, Dory Foster, of defendant's staff, wrote to plaintiff and advised him of an option to pursue a lesser program than he wanted, namely, a program that offered only a Master of Arts in Education, but with no teaching credential. Complaint at 17 (Exhibit: letter).  Dr. Jo Birdsell, of defendant's staff, contacted plaintiff several times, urging him to "take this option, stating that it was all she could do" for plaintiff. Complaint at 13. Switching to the Masters of Arts in Education program would not enable plaintiff to teach, despite the fact that he had enrolled in defendant's program in order to teach and had already completed the requisite coursework for the Master's Degree in Education.[1]

---

[1]  Plaintiff also alleges that, apparently starting in 2008, he was placed in classrooms with teachers who did not have the Master's degree and teaching credential he sought.  Complaint at 12.  Also, he alleges that he was placed in classrooms that did not accommodate his needs. Id. at 12-13.  Defendant argues that the RA claim is barred by the statute of limitations because of these allegations.  However, the plaintiff brought his claim within 2 years of the date defendant wrote the January 18, 2013 letter, and therefore it is not barred.  Plaintiff is entitled to allege the events leading up to the steering letter and the "urging" by Dr. Birdsell without alleging that the steering itself took place in 2008.

4

1   Plaintiff alleges that this conduct violated 34 C.F.R. § 104.47(b), under the RA, which

2   prohibits discrimination in the form of steering disabled students to more restrictive career

3   options.

4       2. <u>Standing</u>

5   Defendant moves to dismiss plaintiff's restrictive counseling claim for lack of standing,

6   asserting that he failed to allege any damage arising from the steering.  ECF No. 66-1 at 6-7.  The

7   court previously dismissed plaintiff's claims on this ground, granting plaintiff leave to amend to

8   allege facts showing that he suffered some cognizable harm, as well as to request relief.

9   Defendant argues that plaintiff still has not done so.

10   However, while plaintiff's complaint could be much clearer, it does contain sufficient

11   allegations of harm and damages to establish standing.  Specifically, plaintiff alleges that he

12   enrolled in defendant's school for the purpose of obtaining a Master's Degree in Education and a

13   teaching credential.  Complaint at 12.  The complaint and exhibits support a reasonable inference

14   that plaintiff paid tuition to the school in his attempt to obtain the degree and credential.  <u>See</u>

15   Complaint at 18 ¶ 29 (Exhibit: plaintiff is "responsible for the full tuition costs for these

16   courses").  However, despite the time, effort and expense plaintiff expended enrolling and

17   attending defendant's school, plaintiff "never obtained" the degree and the teaching credential

18   because he was steered away from them, on or about January 18, 2013, in violation of the RA.

19   <u>Id.</u>

20   Therefore, plaintiff's damages are the loss of his tuition payments, and his wasted time

21   and effort.[2]

22   B. <u>Fraud</u>

23       1. <u>Standing</u>

24   Defendant makes the same argument here that it does regarding the RA claim, namely that

25   plaintiff doesn't allege damages with specificity, and therefore he has no standing (or fails to state

26   a fraud claim).  The undersigned reads the complaint to allege the same damages here as were

27

28   [2]  Plaintiff apparently values his time very highly, as he seeks $15 million in damages.

1    alleged for the RA claim.

2         Defendant further argues that plaintiff was not harmed because he entered school without

3    either a Master's Degree or a teaching credential, but that completing the courses would have left

4    him with at least a Master's Degree.  Not so.  Plaintiff enrolled, paid tuition, and expended all this

5    time and effort to get both, and alleges that he got neither one.  Defendant does not explain how

6    getting none of the two things that plaintiff paid for (or even one of them), is good enough to

7    conclude that plaintiff suffered no harm.

8                         2.  Statute of limitations

9         Fraud claims are subject to a three-year statute of limitations, but the claim does not

10   accrue "until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

11   Cal. Civ. Proc. Code § 338(d); Samuels v. Mix, 22 Cal. 4th 1, 14 (1999) ("Section 338(d)

12   provides that a plaintiff must commence within three years any 'action for relief on the ground of

13   fraud or mistake.  The cause of action in that case is not to be deemed to have accrued until the

14   discovery, by the aggrieved party, of the facts constituting the fraud or mistake.'").

15        Defendant argues that plaintiff "presumably" learned of the non-existence of a disabled

16   students' office in 2008.  ECF No. 66-1 at 5.  This is not an unreasonable inference from the

17   allegations of the complaint.  However, on this motion to dismiss, the court draws the inferences

18   in favor of plaintiff, not against him.  Defendant will have an opportunity to establish the date

19   during discovery.

20        In any event, there is nothing in the complaint that indicates that any of the other

21   misrepresentations were made to plaintiff outside the limitations period, or that he discovered

22   them outside the limitations period, nor does defendant argue that they are outside the limitations

23   period.  Moreover, plaintiff does not simply allege that he was defrauded by the non-existence of

24   a disabled students' office.  Rather, he alleges a continuing course of deception, of which the

25   disabled students' office deception was just the beginning.  Such allegations could well support

26   the "continuing wrong" basis for tolling the statute of limitations.  See Wyatt v. Union Mortgage

27   Co., 24 Cal. 3d 773, 788 (1979) ("[w]hen, as here, the underlying fraud is a continuing wrong, a

28   convincing rationale exists for delaying the running of the statute of limitations").

1                             IV.  RECOMMENDATION

2         For the reasons stated above, IT IS HEREBY RECOMMENDED that defendant's Motion

3 To Dismiss (ECF No. 66) be DENIED.

4         These findings and recommendations are submitted to the United States District Judge

5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days

6 after being served with these findings and recommendations, any party may file written

7 objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a

8 document should be captioned "Objections to Magistrate Judge's Findings and

9 Recommendations."  Any response to the objections shall be filed with the court and served on all

10 parties within fourteen days after service of the objections.  Local Rule 304(d).  Failure to file

11 objections within the specified time may waive the right to appeal the District Court's order.

12 Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57

13 (9th Cir. 1991).

14 DATED: August 18, 2016

15

16                                       ALLISON CLAIRE
                                      UNITED STATES MAGISTRATE JUDGE