UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE DEAN HARTLINE, | No. 2:14-cv-00635-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| NATIONAL UNIVERSITY, | |
| Defendant. | |

This matter comes before the Court on plaintiff's motion to stay. ECF No. 93. Plaintiff is proceeding in this case pro se, and the matter was accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21).

## I. MOTION AND ANALYSIS

Plaintiff moves to stay all proceedings on the grounds that he has been suffering from multiple medical problems since 2011, and is having eye surgery in January of 2018. ECF No. 93 at 1-2. Defendant opposes the motion for an indefinite stay, and notes that plaintiff has not been participating in discovery in good faith. ECF No. 95 at 3. Instead of a stay, defendant proposes a 30 day extension of the discovery deadlines so that discovery can be completed. Id.

A district court has the ability to stay proceedings, or stop action in a case, as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936).

To decide if a stay is appropriate, courts weigh competing interests, including: (1) the possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir.1962) (citing Landis, 299 U.S. at 254–55).

Here, plaintiff's general medical issues have been in existence since before this case began and do not justify a stay of the entire case. ECF No. 93 at 1 (noting Mr. Hartline's health problems have been an issue since 2011). However, in light of plaintiff's upcoming eye surgery and defendant's agreement that an extension of the discovery deadline is necessary, the court will modify the case schedule as indicated below.

### III. CONCLUSION

The court orders as follows:

1. Plaintiff's motion to stay is DENIED;
2. Good cause appearing, the court modifies the Scheduling Order, ECF No. 89, as follows:
    a. The last discovery motions will be heard February 21, 2018;
    b. Discovery will be completed by March 7, 2018;
    c. The last law & motion will be filed April 25, 2018;
    d. The last law & motion will be heard May 23, 2018; and
    e. All other deadlines in this case will remain in full force and effect.

IT IS SO ORDERED.

DATED: December 19, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE