UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE DEAN HARTLINE,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL UNIVERSITY,<br><br>Defendant. | No. 2:14-cv-00635-KJM-AC<br><br><br><br>ORDER |

This matter comes before the court on plaintiff's motion for reconsideration of the undersigned's order denying plaintiff's motion to stay, located at ECF No. 99. ECF No. 100. Plaintiff is proceeding in this case pro se, and the matter was accordingly referred to the magistrate judge by E.D. Cal. R. ("Local Rule") 302(c)(21). Plaintiff's motion is DENIED

**I.  Relevant Background**

On November 15, 2017, plaintiff made a motion to stay on the grounds that he has been suffering from multiple medical problems since 2011, and is having eye surgery in January of 2018. ECF No. 93 at 1-2. Defendant opposed the motion for an indefinite stay and noted that plaintiff has not been participating in discovery in good faith; instead, defendant proposed a 30 day extension of the discovery deadlines so that discovery could be completed. ECF No. 95 at 3. Upon analysis of the record, the court found that plaintiff's general medical situation did not justify a stay of the entire case. ECF No. 99. However, in light of plaintiff's eye surgery in

1

January of 2018 and defendant's agreement that an extension of the discovery deadline was necessary, the court made some adjustments to the case schedule. Id. On January 8, 2018, plaintiff moved for reconsideration of the court's order. ECF No. 100.

## II.     Analysis

The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. Northwest Acceptance Corp. v. Lynnwood Equip., Inc., 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the court to rethink what it has already considered. United States v. Rezzonico, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001).

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." The moving party must also show "why the [new] facts or circumstances were not shown at the time of the prior motion." Id.

The court will deny plaintiff's motion for reconsideration because he does not present any new facts, circumstances, or changes in the law meriting reconsideration. Plaintiff presents no new facts that would alter the outcome of the court's previous order. Plaintiff alleges that defendant has called him to inquire about whether he would participate in a joint litigation

statement. ECF No. 100 at 1. Plaintiff again references doctors' notes from 2011, as he did in his initial motion. Id. Neither of these points has any bearing on the court's prior order. Plaintiff cites no new rule of law and provides no factual support for his motion for reconsideration. His motion for reconsideration must therefore be denied.

### III. Conclusion

The court orders that plaintiff's motion for reconsideration (ECF No. 100) is DENIED.

IT IS SO ORDERED.

DATED: January 25, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE