UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE DEAN HARTLINE, | No. 2:14-cv-00635-KJM-AC |
| Plaintiff, | |
| v. | ORDER |
| NATIONAL UNIVERSITY, | |
| Defendant. | |

This matter is before the court on defendant's motion to compel. This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). This matter is also referred to the undersigned because plaintiff brings this action in pro se. E.D. Cal. R. 302(c)(21). Plaintiff and defendant were scheduled to attend a hearing on February 21, 2018 at 10:00 a.m. Defendant appeared by telephone, but plaintiff failed to appear. ECF No. 104. For the reasons stated below, defendant's motion is GRANTED.

### I. Relevant Background

Because plaintiff's diligence is at issue, the court recites the procedural history of the case in some detail. Plaintiff filed this action on March 7, 2014 alleging that he faced various forms of discrimination on the basis of his disability while a student of defendant, National University. ECF No. 1 at 21-22. Defendant filed a motion to dismiss on August 4, 2014. ECF No. 7. Plaintiff requested a 120-day stay of the case, which the court granted in part by providing

plaintiff additional time to respond to defendant's motion to dismiss. ECF Nos. 11, 13. Plaintiff made a second request for additional time, which the court granted in part. ECF Nos. 14, 15. Plaintiff's initial complaint was dismissed on January 23, 2015, and plaintiff was given an opportunity to file an amended complaint. ECF No. 24.

After requesting and receiving an extension of time (ECF Nos. 27, 28), plaintiff filed a first amended complaint on April 24, 2015. ECF No. 29. Defendant filed a second motion to dismiss on May 14, 2015. ECF No. 32. After a briefing period that included a request for an extension of time (ECF No. 36), which the court denied insofar as it requested to move the hearing date of defendant's motion (ECF No. 40), the undersigned recommended defendant's motion to dismiss be granted with partial leave to amend. ECF No. 43. Plaintiff requested and received an extension of time to object to the undersigned's findings and recommendations. ECF Nos. 44, 45. Following the extended objections period, the district judge adopted in full the undersigned's findings and recommendations on February 4, 2016. ECF No. 55.

Plaintiff sought and received, to a lesser degree than requested, an extension of time to file his second amended complaint. ECF Nos. 56, 59, 61. Plaintiff filed his second amended complaint ("SAC") on April 4, 2016. ECF No. 63. Defendant again moved to dismiss. ECF No. 66. Plaintiff requested and received an extension of time to respond to defendant's motion. ECF Nos. 67, 68. On August 18, 2016, the undersigned recommended denial of defendant's motion to dismiss (ECF No. 74), and this recommendation was adopted in full on March 2, 2017. ECF No. 83. On April 25, 2017 defendant filed an answer to plaintiff's SAC, which remains the operative complaint. ECF No. 84. On May 18, 2018, following a status conference at which plaintiff and defendant were both present (ECF No. 88), the undersigned issued the pretrial scheduling order in this case. ECF No. 89. The scheduling order set December 27, 2017 as the date for close of discovery, and March 4, 2019 as the date for a jury trial. Id. at 8.

Plaintiff was served with requests for production ("RFPs"), special interrogatories, and a deposition notice for a December 15, 2017 deposition on October 5, 2017. Declaration of Evan

////

////

2

A. Peña (Peña Decl.) at ¶ 2, Exh. A-B.[1] Plaintiff's responses to the RFPs were due November 8, 2017. See, Fed. R. Civ. P. 26(b)(2), 34(b)(2)(A). No response was timely received. Peña Decl. at ¶ 3. On November 15, 2017, plaintiff filed a motion to stay this case, citing general health concerns and a potential surgery occurring in January of 2018. ECF No. 93. The court denied plaintiff's motion to stay, but provided for an extension of the discovery deadlines in light of plaintiff's potential surgery. ECF No. 99 at 2. The court stated that "plaintiff's general medical issues have been in existence since before this case began and do not justify a stay of the entire case." Id. (citing ECF No. 93 at 1, which noted Mr. Hartline's health problems have been an issue since 2011). The court set several new pre-trial deadlines, including a new discovery deadline of March 7, 2018. Id. While the motion to stay was pending, defendant notified plaintiff that it was taking his deposition off calendar, but would later serve an amended deposition notice. Peña Decl. at Exh. D.

Following the court's order denying a stay but extending discovery deadlines, defendant sent plaintiff an amended deposition notice setting his deposition for January 17, 2018. Peña Decl. at ¶ 5. Defendant also requested that plaintiff respond to the pending discovery requests by January 10, 2018 so that defendant could review the documents in advance of plaintiff's deposition. Id. at Exh. E (December 21, 2017 Letter). On January 10, defendant called plaintiff because plaintiff had not responded to any discovery requests. Id. at ¶ 6. During the conversation, plaintiff stated he could not appear at his January 17, 2018 deposition, and that he would like to revisit the issue in a few weeks. Id. Defendant followed up with a letter stating, pursuant to the court's revised discovery schedule, it could take plaintiff's deposition on or before January 24, 2018, but no later. Id. at Exh. F (January 11, 2018 Letter). Again, defendant requested responses to pending discovery before plaintiff's deposition. Id.

Plaintiff did not produce documents or indicate when he could appear for his deposition following the January 11, 2018 letter, so defendant reached out again by phone on January 16, 2018. Peña Decl. at ¶ 7. This time, plaintiff agreed to appear for a deposition on January 24,

---

[1] Defendant's factual representations regarding the course of discovery are supported by documentary evidence and a declaration of counsel, and have not been undisputed by plaintiff.

2018.  Id.  Plaintiff asked defendant to provide copies of the discovery originally served in October.  Id.  Defendant sent plaintiff a letter on January 17, 2018 including an amended deposition notice and copies of the pending discovery requests.  Id. at Exh. G (January 17, 2018 Letter).  Plaintiff appeared for his deposition on January 24, 2018, bringing with him some documents he believed were responsive to defendant's RFPs.  Peña Decl. at ¶ 8.

During plaintiff's deposition, he testified that he keeps a calendar which likely lists dates relevant to his studies at National University and his medical treatment.  Peña Decl. at Exh. H (Hartline Deposition), at 191:8-20, 219:21-220:7.  Plaintiff did not bring a copy of the calendar to the deposition but stated he would provide defendant a copy.  Id. at 191:23-25, 220:22-221:25.  Plaintiff testified that he provided defendant medical records shortly after he enrolled, but that the university lost the records.  Id. at 41:11-18, 43:6-19.  Defendant also testified that his disability consists of injuries to his spine, knees, right leg and food, and a stroke he suffered in 2011, around the time that National University arranged two student teaching placements for him.  Id. at 28:13-24, 41:11-18, 43:6-19, 141:5-14.

Following the deposition, defendant sent a letter to plaintiff explaining how documents plaintiff described in his deposition were responsive to outstanding discovery requests.  Peña Decl. at Exh. I (January 30, 2018 Letter).  On February 5, 2018, plaintiff notified defendant that he sent the calendar and medical records described above, along with other documents.  Peña Decl. at ¶ 11.  Defendant received the documents on February 13, 2018.  Id.  Although plaintiff was enrolled at National University for more than four years, plaintiff only produced three months of his calendar (August through October 2011) and 12 pages of medical records (including only two appointments that took place during his enrollment at National University).  Id.  Defendant promptly contacted plaintiff, who confirmed that he likely has a more extensive calendar and other medical records, but stated he has not produced them because he has not searched all of the boxes where he stores documents.  Id.

At the hearing on February 21, 2018, counsel notified the court that plaintiff had sent a third production of documents to defendant.  However, defendant stated that the third production did not address any concerns presented by the pending motion to compel, as it was largely

duplicative of previous productions.

## II. Motion

Defendant asks the court to compel responses to five requests for production: RFP Nos. 1, 10, 11, 12, and 31. ECF No. 103 at 3. Plaintiff did not contribute to the "joint statement" filed by the defendant in accordance with E.D. Cal. Rule 251(c). Defendant stated that counsel contacted plaintiff multiple times in an effort to obtain plaintiff's contribution to the statement and sent him a draft for his additions, but as of the date of filing, plaintiff had not returned or agreed to contribute to the draft joint statement. ECF No. 103 at 2, n. 1.

## III. Discussion

Plaintiff has inexcusably failed to comply with his discovery obligations, and must therefore be compelled to submit full and complete responses to outstanding RFPs as requested by defendant. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rules 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). In response to a request for production of documents under Rule 34, a party is to produce all relevant documents in his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Accordingly, a party has an obligation to conduct a reasonable inquiry into the factual basis of his responses to discovery. National Ass'n of Radiation Survivors v. Turnage, 115 F.R.D. 543, 554–56 (N.D. Cal. 1987). Based on that inquiry, a party responding to a request for production "is under an affirmative duty to seek that information reasonably available" to it and make an appropriate production of responsive documents. Gray v. Faulkner, 148 F.R.D. 220, 223 (N.D. Ind. 1992) (citation omitted).

Defendant seeks production in response to RFP No. 1 ("[produce] All DOCUMENTS in which YOU have attempted to record or document any events during the course of YOUR enrollment as a student at NU, including but not limited to any DOCUMENTS describing or relating to any of the acts or events alleged in YOUR SAC"), RFP No. 10 ("[produce] All

5

1  DOCUMENTS evidencing that YOU have been diagnosed with a disability"), RFP No. 11
2  ("[produce] All DOCUMENTS evidencing that YOU suffered from a disability while YOU were
3  a student at NU"), RFP No. 12 ("[produce] All DOCUMENTS evidencing or describing any and
4  all treatment YOU received from any physician, psychiatrist, psychologist, therapist, counselor,
5  or other medical or healthcare professional of any kind, including but not limited to bills,
6  prescriptions and medical records, for YOUR alleged disability"), and RFP No. 31 ("[produce]
7  All medical records, prescriptions, or other DOCUMENTS regarding any treatment YOU have
8  sought from a physician, psychiatrist, therapist, counselor, or other healthcare professional
9  because of any injury that YOU believe resulted from any of the conduct alleged in YOUR
10 COMPLAINT").  Plaintiff has not made any objections to these requests for production.

While the court recognizes that plaintiff is proceeding in pro se, and understands the challenges that accompany pro se status, that status does not absolve plaintiff of his duty to comply with the applicable rules of litigation, including his discovery obligations. Carter v. C.I.R., 784 F.2d 1006, 1009 (9th Cir. 1986) (holding that although a party is pro se, he is "expected to abide by the rules of the court in which he litigates"). It is evident from the record of this case, discussed above, that plaintiff has not complied with his discovery obligations. The court is particularly concerned that plaintiff acknowledged – after his deposition and near the end of the discovery period – that additional responsive documents had not been produced because he had not searched all of the boxes where he stores documents. Peña Decl. at ¶ 11. Plaintiff was obliged to search for all relevant documents at the beginning of the discovery period. This case has been pending for nearly four years; it is simply inexcusable that plaintiff has not gathered documents relevant to this litigation and produced all extant responsive documents in discovery.

Plaintiff will be provided 14 days from the date of this order to produce all remaining responsive documents. As litigation proceeds, plaintiff will not be able to rely on any document that he does not produce in this timeframe. This means that plaintiff will be barred from using unproduced documents at trial, as well as with respect to pre-trial motions such as a motion for

////

////

summary judgment pursuant to Fed. R. Civ. P. 56.[2]  Plaintiff's failure to produce all responsive documents may result in further sanctions, such as dismissal of this case for failure to comply with discovery obligations pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v).

**IV. Conclusion**

For the reasons explained above, the court orders as follows:

1. Defendant's motion to compel is GRANTED.  Plaintiff must produce all documents responsive to RFP Nos. 1, 10, 11, 12, and 31 within 14 days of this order;

2. Plaintiff will be precluded from using as evidence in his case any responsive document that he does not timely produce to defendant;

3. Plaintiff's failure to comply with this order may result in sanctions, up to and including dismissal of this case;

4. In order to accommodate any necessary further discovery-based motions practice in light of this order, the court will sua sponte extend the discovery deadline in this case, which currently sits at March 7, 2018, to April 11, 2018.  Thus, April 11, 2018 is the date by which any discovery motion must be heard by this court and complied with.

IT IS SO ORDERED.

DATED: February 22, 2018

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[2]  A summary judgment motion asks the court for judgment in a party's favor without a trial.  The court considers the evidence that has been produced in discovery, and determines whether or not the state of that evidence requires a trial.