UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOYLE DEAN HARTLINE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NATIONAL UNIVERSITY,<br><br>　　　　Defendant. | No. 2:14-cv-00635 KJM AC<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

This matter is before the court on plaintiff's motion to compel (ECF No. 109) and defendant's motion for terminating sanctions (ECF No. 111). The case is before the undersigned pursuant to E.D. Cal. R. 302(c)(1) and 302(c)(21). Both motions were heard on May 16, 2018 at 10:00 a.m. Plaintiff appeared in pro se and Evan A. Peña appeared in behalf of defendant. For the reasons stated below, the undersigned DENIES plaintiff's motion, and recommends that defendant's motion be GRANTED and that this case be terminated for plaintiff's long-standing failure to comply with his discovery obligations.

**I.　　Relevant Procedural Background**

A. Events Prior to Defendant's First Motion to Compel

Plaintiff filed this action on March 7, 2014, alleging that he faced various forms of discrimination on the basis of his disability while a student of defendant, National University. ECF No. 1 at 21-22. Defendant filed a motion to dismiss on August 4, 2014. ECF No. 7.

1

Plaintiff requested a 120-day stay of the case, which the court granted in part by providing plaintiff additional time to respond to defendant's motion to dismiss. ECF Nos. 11, 13. Plaintiff made a second request for additional time, which the court granted in part. ECF Nos. 14, 15. Plaintiff's initial complaint was dismissed on January 23, 2015, and plaintiff was given an opportunity to file an amended complaint. ECF No. 24.

After requesting and receiving an extension of time (ECF Nos. 27, 28), plaintiff filed a first amended complaint on April 24, 2015. ECF No. 29. Defendant filed a second motion to dismiss on May 14, 2015. ECF No. 32. After a briefing period that included a request for an extension of time by plaintiff (ECF No. 36), which the court denied insofar as it requested to move the hearing date of defendant's motion (ECF No. 40), the undersigned recommended defendant's motion to dismiss be granted with partial leave to amend. ECF No. 43. Plaintiff requested and received an extension of time to object to the undersigned's findings and recommendations. ECF Nos. 44, 45. Following the extended objections period, the district judge adopted in full the undersigned's findings and recommendations on February 4, 2016. ECF No. 55.

Plaintiff sought and received, to a lesser degree than requested, an extension of time to file his second amended complaint. ECF Nos. 56, 59, 61. Plaintiff filed his second amended complaint ("SAC") on April 4, 2016. ECF No. 63. Defendant again moved to dismiss. ECF No. 66. Plaintiff requested and received an extension of time to respond to defendant's motion. ECF Nos. 67, 68. On August 18, 2016, the undersigned recommended denial of defendant's motion to dismiss (ECF No. 74), and this recommendation was adopted in full on March 2, 2017. ECF No. 83. On April 25, 2017 defendant filed an answer to plaintiff's SAC, which remains the operative complaint. ECF No. 84. On May 18, 2018, following a status conference at which plaintiff and defendant were both present (ECF No. 88), the undersigned issued the pretrial scheduling order in this case. ECF No. 89. The scheduling order set December 27, 2017 as the date for close of discovery, and March 4, 2019 as the date for a jury trial. Id. at 8.

On October 17, 2017, plaintiff sent defendant a set of incomplete subpoenas. Declaration of Evan A. Peña at ECF No. 117-1, ¶ 2. Plaintiff explained in a cover letter that finalized copies

of the subpoenas would be sent out on November 25, 2017. Id. at Exh. A. Defendant's office did not receive the finalized subpoenas on the promised date.

On October 5, 2017, plaintiff was served with requests for production ("RFPs"), special interrogatories, and a notice for a December 15, 2017 deposition. Declaration of Evan A. Peña at ECF No. 103-1, Exh. A-B. Plaintiff's responses to the RFPs were due November 8, 2017. See, Fed. R.Civ. P. 26(b)(2), 34(b)(2)(A). Defense counsel declares that no response was timely received. ECF No. 103-1 at ¶ 3.

On November 15, 2017, plaintiff filed a motion to stay this case, citing general health concerns and a potential surgery occurring in January of 2018. ECF No. 93. The court denied plaintiff's motion to stay, but provided for an extension of the discovery deadlines in light of plaintiff's potential surgery. ECF No. 99 at 2. The court stated that "plaintiff's general medical issues have been in existence since before this case began and do not justify a stay of the entire case." Id. (citing ECF No. 93 at 1, which noted Mr. Hartline's health problems have been an issue since 2011). The court set several new pre-trial deadlines, including a new discovery deadline of March 7, 2018. Id. While the motion to stay was pending, defendant notified plaintiff that it was taking his deposition off calendar, but would later serve an amended deposition notice. ECF No. 103-1 at Exh. D.

On November 27, 2017, defense counsel sent plaintiff a letter regarding his failure to respond to defendant's pending discovery requests. ECF No. 117-1 at Exh. B. In this letter, defendant notified plaintiff that it never received finalized versions of plaintiff's subpoenas and that it was not necessary to issue subpoenas to defendant because the discovery devices for parties at Fed. R. Civ. P. 26 and 37 are the proper avenue for seeking discovery. Id. On December 21, 2017, defendant sent plaintiff an amended deposition notice setting his deposition for January 17, 2018. ECF No. 103-1 at ¶ 5. Defendant also requested that plaintiff respond to the pending discovery requests by January 10, 2018 so that defendant could review the documents in advance of plaintiff's deposition. Id. at Exh. E (December 21, 2017 Letter). On January 10, defendant called plaintiff because plaintiff had not responded to any discovery requests. Id. at ¶ 6. During the conversation, plaintiff stated he could not appear at his January 17, 2018 deposition, and that

he would like to revisit the issue in a few weeks. Id. Defendant followed up with a letter stating, pursuant to the court's revised discovery schedule, it could take plaintiff's deposition on or before January 24, 2018, but no later. Id. at Exh. F (January 11, 2018 Letter). Again, defendant requested responses to pending discovery before plaintiff's deposition. Id.

Plaintiff did not produce documents or indicate when he could appear for his deposition following the January 11, 2018 letter, so defendant reached out again by phone on January 16, 2018. ECF No. 103-1 at ¶ 7. This time, defendant agreed to appear for a deposition on January 24, 2018. Id. Plaintiff asked defendant to provide copies of the discovery originally served in October. Id. Defendant sent plaintiff a letter on January 17, 2018 including an amended deposition notice and copies of the pending discovery requests. Id. at Exh. G (January 17, 2018 Letter). Plaintiff appeared for his deposition on January 24, 2018, bringing with him some documents he believed were responsive to defendant's RFPs. Id. at ¶ 8.

During plaintiff's deposition, he testified that he keeps a calendar which likely lists dates relevant to his studies at National University and his medical treatment. Id. at Exh. H (First Hartline Deposition), at 191:8-20, 219:21-220:7. Plaintiff did not bring a copy of the calendar to the deposition but stated he would provide defendant a copy. Id. at 191:23-25, 220:22-221:25. Plaintiff testified that he provided defendant medical records shortly after he enrolled, but that the university lost the records. Id. at 41:11-18, 43:6-19. Defendant also testified that his disability consists of injuries to his spine, knees, right leg and food, and a stroke he suffered in 2011, around the time that National University arranged two student teaching placements for him. Id. at 28:13-24, 41:11-18, 43:6-19, 141:5-14.

Following the deposition, defendant sent a letter to plaintiff explaining how documents plaintiff described in his deposition were responsive to outstanding discovery requests. ECF No. 103-1 at Exh. I (January 30, 2018 Letter). Defendant filed a motion to compel discovery on January 31, 2018. ECF No. 102. On February 5, 2018, plaintiff notified defendant that he sent the calendar and medical records described above, along with other documents. ECF No. 103-1 at ¶ 11. Defendant received the documents on February 13, 2018. Id. Although plaintiff was enrolled at National University for more than four years, plaintiff only produced three months of

his calendar (August through October 2011) and 12 pages of medical records (including only two appointments that took place during his enrollment at National University). Id. Defendant promptly contacted plaintiff, who confirmed that he likely had a more extensive calendar and other medical records, but stated he had not produced them because he has not searched all of the boxes where he stores documents. Id.

On February 12, 2018, defendant received a letter from plaintiff (dated February 10, 2018) requesting the production of documents. ECF No. 117-1 at ¶ 6.

The court held a hearing on defendant's initial motion to compel February 21, 2018. ECF No. 104. Plaintiff did not appear at the hearing. Id. At the hearing, defense council notified the court that plaintiff had sent a third production of documents to defendant. However, defendant stated that the third production did not address any concerns presented by the pending motion to compel, as it was largely duplicative of previous productions. On February 22, 2018, the undersigned granted defendant's motion to compel and ordered plaintiff to produce all documents responsive to RFP Nos. 1, 10, 11, 12, and 31 within 14 days of the order. ECF No. 105. The court sua sponte extended the discovery deadline in the case to April 11, 2018 to accommodate any necessary future discovery motions. Id. The court specifically warned plaintiff that failure to comply with the order may result in sanctions, up to and including dismissal of his case. Id.

B. Events Following Resolution of Defendant's First Motion to Compel

Defense counsel sent plaintiff a copy of the court's discovery order, along with a letter requesting he send all responsive documents to counsel's office by the court's imposed deadline of March 8, 2018. Declaration of Evan A. Peña, ECF No. 111-2 at ¶ 10. Plaintiff subsequently filed a response to defendant's already-decided motion in which he stated he had complied with all of his discovery obligations. ECF No. 107. The second portion of plaintiff's deposition was noticed for March 16, 2018. ECF No. 111-2 at ¶ 13. Plaintiff did not produce any documents before the March 8 deadline, but did bring 207 pages of unmarked documents to his deposition. Id. at ¶¶ 10, 13. Defendant's comparison of plaintiff's March 16 production against his past productions revealed 13 pages of non-duplicate material. Id. at ¶ 14. Plaintiff did not produce any additional calendar pages. Id. at ¶ 15.

At plaintiff's second deposition, defendant asked for a one-week extension of time to respond to plaintiff's February 10 discovery request, and plaintiff agreed. ECF No. 117-1 at ¶ 6. On March 26, 2018, defendant served plaintiff with written responses and objections to the discovery requests. Id. at ¶¶ 6-7. On April 9, 2018, defendant called plaintiff to ask if he would oppose an ex parte motion to specially set a motion for terminating sanctions. Id. at ¶ 9. During that conversation, plaintiff asked about defendant's document production, and defendant stated the production was almost ready, that it was approximately 1,000 pages long, and would be sent out in the next day or two. Id. Plaintiff stated he was considering filing a motion to compel, but did not object to the written response he had received. Id.

On April 9, 2018, two days before the revised discovery cutoff, plaintiff filed a motion to compel. ECF No. 109. Plaintiff did not meet and confer with defendant prior to filing this motion, nor did he work with defendant to prepare a joint statement regarding the discovery disagreement. ECF No. 117-1 at ¶ 9. On April 11, 2018 defendant produced documents, including a 1,111 page document production both in disc and paper form, received confirmation of the production's delivery on April 12, 2018. Id. at ¶¶ 7-8.

Also on April 11, the revised discovery cutoff date, defendant filed a motion for terminating sanctions. ECF No. 111. Defendant contemporaneously filed an application to specially set its motion (ECF No. 112), which the undersigned granted, noting that both parties' motions would be heard concurrently. ECF No. 115. The same day, defendant received copies of three signed subpoenas; finalized versions of the ones plaintiff initially sent in October of 2017. ECF No. 117-1 at ¶ 4. On April 13, 2018, defendant sent plaintiff a letter notifying him of receipt of the subpoenas and its objections. Id. at Exh. D. Defendant notified plaintiff that the subpoenas were procedurally improper for two reasons: they were not personally served, and they were not served far enough in advance of the date of compliance or the discovery cutoff. Id. Defendant also presented objections to the content of the subpoenas, which it argued sought entirely irrelevant information. Id. [1]

---

[1] Plaintiff sought information about a National University professor who was murdered in 1982 ; educational records regarding former Congressman Randall "Duke" Cunningham; and the

Defense counsel called plaintiff on April 27, 2018 to confirm receipt of its production and to ask if there was anything else that could be provided that would allow plaintiff to withdraw his motion to compel. ECF No. 117-1 at ¶ 11. Defendant reports that plaintiff confirmed he received the production but would not withdraw the motion because he did not receive all documents requested, and he did not receive contact information for individuals he wanted to depose. Id. Defendant further reports that defense counsel asked for specific documents plaintiff believed were missing, but plaintiff refused to explain and instead stated that the court needed to hear about it. Id.

## II. Matters Before The Court

Plaintiff's motion seeks to compel documents requested by letter on February 10, 2018 and March 6, 2018. ECF No. 109. Plaintiff's motion was submitted without participation from defendant, and there is no certification that the parties met and conferred prior to filing. Defendant moves for terminating sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 41(b) of the Federal Rules of Civil Procedure, and Local Rule 251(e), for plaintiff's failure to comply with the court's February 22, 2018 order and failure to meaningfully participate in discovery. ECF No. 111.

## III. Motion to Compel

A. Legal Standard for Motion to Compel

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Federal Rules 33 and 34 provide that discovery requests must be responded to within 30 (or in some cases 45) days. Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992). If a party does not make a required production, the requesting party may bring a motion before the court pursuant to Fed. R. Civ. P. 37 to compel disclosure. However, before a party may bring such a motion, the movant must show that he conferred, or

---

educational writings, military records, and intelligence connections of National University founder David Chigos. Id. at Ex. A-D.

made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. Fed R. Civ. P. 37(a)(1).

Failure to meet and confer is grounds for denial of a motion to compel. Scheinuck v. Sepulveda, No. C 09–0727 WHA (PR), 2010 WL 5174340, at *1–2, 2010 U.S. Dist. LEXIS 136529, at *3–4 (N.D. Cal. Dec. 15, 2010); Shaw v. County of San Diego, No. 06-CV-2680-IEG (POR), 2008 WL 9411414, at *2 (S.D. Cal. Oct. 9, 2008) (denying plaintiff's motion to compel for failing to attempt to meet and confer.) The requirement to meet and confer applies to pro se litigants. Madsen v. Risenhoover, No. C 09-5457 SBA (PR), 2012 WL 2873836, at *3 (N.D. Cal. July 12, 2012) (finding that the meet and confer requirement applies to incarcerated individuals). "Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

B. Discussion

It is clear from the face of plaintiff's motion to compel that he did not meet and confer with defendant before bringing his motion. ECF No. 109. The motion itself contains no statement regarding meet and confer efforts. Id. Defendant's opposition confirms that no meet and confer efforts were made; counsel's declaration states that plaintiff never contacted defendant regarding the motion and when defense counsel took the initiative to make contact, plaintiff refused to discuss the matter. ECF No. 117-1 at ¶ 11. Plaintiff also failed to comply with Local Rule 251(c), which requires motions to compel be brought in the form of a Joint Statement re Discovery Disagreement. Because plaintiff failed to make any attempt to meet and confer, or to comply with the Federal Rules of Civil Procedure or Local Rules of this court, plaintiff's motion to compel is DENIED.

**II. Motion for Terminating Sanctions**

The rules of discovery in federal cases permit the district court, in its discretion, to enter a default judgment against a party who fails to comply with an order compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v); see also Henry v. Gill Indus., Inc., 983 F.2d 943, 946-49 (9th Cir. 1993) (upholding a district court's dismissal of an action as a discovery sanction). "A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very

severe . . .[o]nly willfulness, bad faith, and fault justify terminating sanctions." Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (internal citations omitted).

The Ninth Circuit has "constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Id. (internal citations omitted). The district court need not find each factor favors dismissal as a condition precedent to terminating sanctions; instead, these factors provide a framework for the court's analysis. Id. "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Id. (internal citations omitted).

Here, all factors weigh in favor of imposing terminating sanctions. As to the first factor, expeditious resolution of this case is no longer an option. The case is already four years old and discovery has only recently closed; the discovery period closed without all necessary discovery having been conducted. The court has tried to balance solicitude for plaintiff's disabilities and health concerns with the need to move the case along, and although several of plaintiff's requests for extentions of time have been denied or granted only in part, the record nonetheless reflects eight extensions of time on plaintiff's request, totaling over 470 days of delay. Plaintiff has routinely failed to abide by discovery deadlines, most recently by failing to comply with the court's clear order on defendant's motion to compel, which required plaintiff to produce responsive documents by March 8, 2018. ECF No. 105 at 7. In sum, the public interest in expeditious resolution of litigation has been thwarted by plaintiff's conduct to date.

As to the second factor, the court's need to manage its docket, the facts of plaintiff's repeated delay and failure to cooperate effectively in the discovery process favor dismissal. The

9

Eastern District of California has one of the heaviest caseloads in the country. For over four years, this case has regularly demanded the court's attention while progressing little. Plaintiff's failure to comply with his discovery obligations has been a significant source of the delay. For example, plaintiff created the need for his deposition to be conducted in installments by failing to provide documents by the response deadlines required by the Federal Rules of Civil Procedure and instead bringing unmarked and disorganized documents to his initial deposition. ECF No. 111-2 at ¶¶ 3-4, 7. Plaintiff's failure (or inability) to properly participate in discovery, and his repeated requests to stay the case and for extensions of time, have burdened the court's heavy docket.

Regarding the third factor, prejudice to the defendant, failure to enter judgment against plaintiff for his discovery abuses would be highly prejudicial. The discovery period in this case, which has been extended multiple times, is now closed. ECF No. 105 at 7. Despite defendant's repeated requests and attempts to meet and confer, plaintiff has not produced outstanding responsive documents as required by the Federal Rules of Civil Procedure and as explicitly ordered by the court. See ECF No. 105. To date, despite his testimony that he kept a calendar during his period of student teaching in 2011 (ECF No. 103-1, Exh. H at 191:8-20, 219:21-220:7), plaintiff has produced only a three month span of calendar entries. ECF No. 111-2 at ¶ 15. Though plaintiff later testified that he did not have any additional calendar months, he also stated that the calendar was "cheap – it was falling apart," creating ambiguity whether other relevant months were destroyed or never existed. ECF No. 111-2 at ¶ 16, Exh. B (Second Hartline Deposition) 453:12-454:20. Ample questioning on the topic at plaintiff's deposition yielded no coherent answer.

At the May 16, 2018 motions hearing, plaintiff appeared with loose papers as well as a spiral bound calendar. When asked directly by the undersigned, he stated that there were no unproduced calendar months. Defense counsel stated that he was seeing for the first time that a spiral bound calendar actually existed. When questioned again by the undersigned, plaintiff stated that the remaining pages in the calendar are blank or simply contained notes to himself. The court notes that even if the unproduced calendar pages were blank, or in poor condition,

1  plaintiff had an obligation to produce them.

2  Additionally, plaintiff testified at his second deposition that he has made no attempt to
3  access and search the email account ("chicoboy3@sbcglobal.net") that he was using during the
4  period at issue in this action. Id. at 436:22-437:5. Plaintiff also testified to a disc of medical
5  records that cover the period at issue which he had not produced or searched. Id. at 470:10-22.
6  Plaintiff left open the question of whether defendant had received all relevant documents, stating
7  "You pretty much will have everything . . . I mean, you can go and tell the court you didn't get
8  anything. I mean, I realize, you know – you know, what happened. It's detrimental to me. It's
9  not detrimental to you because I see the documents favoring me." Id. at 455:9-17. Plaintiff
10 continued, "I believe that you have everything other than a couple of pieces of paper. I believe
11 that you do." Id. at 457:1-3. At the May 16, 2018 hearing, the court questioned plaintiff about
12 his e-mail and unproduced medical records. Plaintiff explained that his computer was destroyed
13 and he therefore he could not access his e-mails. When the court asked whether he had attempted
14 to access his email from a public computer, he stated that he had not, and he did not know that it
15 was possible to do so.

16 With respect to his medical records, plaintiff stated at the hearing that he had received a
17 medical records disc from Kaiser Permanente which he had not yet given to defendant because
18 the disc contained documents which could be prejudicial to plaintiff in a jury trial. He stated that
19 he still had to go through the records disc but would give defendant relevant records when he
20 completed his review. Plaintiff also stated that he needed to follow up with other medical
21 providers who had not yet responded to his requests for records. The court reminded plaintiff that
22 the discovery period had now closed, and that his time to get relevant records to defendant had
23 passed. The court noted that it was plaintiff's obligation to provide defendant with the records
24 and, if some were held back as privileged, to provide a written statement regarding the withheld
25 documents. It is clear from plaintiff's statements that defendant does not have the entire scope of
26 discovery to which it is entitled. Discovery is closed, and it would be highly prejudicial to
27 defendant to force it to proceed without the benefit of full and fair discovery.

28 With respect to the fourth factor, the public policy favoring disposition of cases on their

11

merits, the undersigned finds this interest must yield where, as here, disposition on the merits would mean disposition based on a limited scope of information due to hindered discovery. Connecticut Gen. Life Ins. Co., 482 F.3d at 1096.

Finally, as to the fifth factor, the availability of less drastic sanctions, upon careful consideration the undersigned finds less drastic sanctions would not be sufficient. As discussed above, plaintiff has been given numerous instructions and opportunities to participate fully in discovery. Had he merely failed to timely produce documents, excluding the documents from evidence may have been sufficient. Plaintiff's behavior following the entry of the court's order compelling production, however, demonstrates that he is unable or unwilling to conduct proper searches for clearly relevant documents, and that he either does not appreciate the necessity of following court deadlines and orders or is incapable of doing so.

The undersigned does not mean to suggest that Mr. Hartline has acted in bad faith or deliberately delayed proceedings. The court has accepted plaintiff's frequent past representations that his poor health has made it difficult for him to comply with deadlines and with the rules governing civil litigation. The court has amply accommodated plaintiff's needs in this regard. Litigation cannot be indefinitely extended, however, and the court's past leniency has not resulted in progess toward merits resolution. Instead, defendant has been prejudiced by the excessive passage of time and the case remains far from a posture in which dispositive motions can be meaningfully framed or properly adjudicated. In sum, plaintiff's discovery violations "make it impossible for [this] court to be confident that the parties will ever have access to the true facts." Conn. Gen. Life Ins. Co., 482 F.3d at 1096.

In the court's last order granting defendant's motion to compel, the undersigned warned plaintiff in clear terms that his continued failure to participate in discovery may result in sanctions including the dismissal of his case. ECF No. 105 at 7. Despite this express warning, plaintiff failed to produce the required documents to defendant, and testified in his deposition that he had failed to even search relevant sources, such as his email and medical records. At the May 16 hearing on defendant's motion, plaintiff indicated that his searches for responsive materials were ongoing despite the fact that the discovery period has already closed. Less drastic sanctions

would only further delay this already extremely delayed case.  The history of this litigation gives the court no reason to believe that a re-opened discovery period would result in the proper production of necessary documents.  No sanction other than dismissal is appropriate under the circumstances presented in this case.  All factors weighing in favor of terminating sanctions, the undersigned recommends that this case be DISMISSED with prejudice as a result of plaintiff's failure to meaningfully participate in the discovery process.

### IV. Conclusion

Based on the foregoing, it is ORDERED that plaintiff's motion to compel (ECF No. 109) is DENIED because plaintiff failed to satisfy his meet and confer obligations.

It is further RECOMMENDED that defendant's motion for terminating sanctions (ECF No. 111) be GRANTED and that this case be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21) days after being served with these findings and recommendations, any party may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Local Rule 304(d).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 18, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE